**UNITED STATES of America,
Appellee,**

v.

**Robert Jack SMITH, Appellant.**

**No. 8491.**

United States Court of Appeals
Fourth Circuit.

Argued March 19, 1962.

Decided May 11, 1962.

Robert G. Doumar and W. Farley Powers, Jr., Norfolk, Va. (Court-assigned counsel), for appellant.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on the brief), for appellee.

Before BOREMAN, BRYAN and BELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Error is laid to the District Court's charge in the conviction of Robert Jack Smith of rape. The submission was faulty, the appellant stresses—and we too think—in dealing with the weight to be accorded the prosecutrix' testimony, and in admonishing the jurors with regard to their duty to reach a verdict.

The District Judge charged:

"If you believe beyond a reasonable doubt that the testimony of Betty Carolyn Kolb [the prosecutrix] was not so inherently incredible or so contrary to human experience or usual human behavior as to render it unworthy of belief, then the testimony of the prosecutrix, even if uncorroborated, is sufficient to support a conviction if all other elements of the crime have been proven beyond a reasonable doubt."

■ Error inadvertently crept in here. The jury should have been told simply that the testimony of the complainant ought to be scrutinized carefully but that it may be accepted though uncorroborated if, after considering the entire evidence, including the inherent credibility or incredibility and the probability or improbability of her testimony when viewed in the light of all pertinent circumstances, the jury believe beyond a reasonable doubt that her testimony is true; and that if they accept her testimony, the jury may convict on it alone, if after considering any and all evidence to the contrary they believe beyond a reasonable doubt that the defendant committed the alleged crime as comprised of all the elements outlined by the court.

The quoted sentence limited determination of the worth of her word to its intrinsic features, neglecting extrinsic factors. The witness' testimony could

have been "not so inherently incredible * * * [and not] so contrary to human behavior as to render it unworthy of belief", and yet not warrant a conviction. Additional and equally important —perhaps decisive—considerations in the evaluation of her account were adduced, such as her character and the discrediting evidence of other witnesses.

More seriously, even if it met all the exactions of the charge, in view of the considerations just mentioned her evidence could well have been simply preponderant—of lesser degree than "beyond a reasonable doubt". But the jury were told imperatively that, if it satisfied the criteria stated by the court, her testimony convicted.

These faults in the charge resulted in impermissible infringements upon the jury's sphere, gravely imperilling the defendant. Their practical effect was to oblige him affirmatively to disprove the prosecutrix: her testimony, if qualifying under the incomplete conditions named in the charge, established a prima facie case for conviction.

■ After the jury had deliberated for two hours and 40 minutes following the two or three days of trial, and without indication from them of any inability to agree, the Court recalled the panel. Sua sponte, it delivered what is commonly known as the "Allen charge", admonishing each juror of his obligation to listen to and learn of his fellows' views before firming his own resolve of an issue. See Allen v. United States, 164 U.S. 492, 501–502, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

We have had occasion to approve this instruction and slight variations. Rhodes v. United States, 282 F.2d 59 (4 Cir. 1960); Orton v. United States, 221 F.2d 632 (4 Cir. 1955); Wolin v. United States, 211 F.2d 770 (4 Cir. 1954). But we disapprove the District Judge's enlargement upon it, rendered in this manner:

"I know that it is difficult when you have twelve men, all trying to come up with the proper answer to

a question, to come into agreement, and it is sometimes hard for individuals to *swallow their own views* at that particular moment, but I think that you twelve men are fully qualified. If there is ultimate disagreement, this case, of course, must be tried again, and it *might be tried a third time and it might be tried a fourth time.* I do not have to say to you that you know it is *expensive to the United States Government* to try this case. I am speaking of the jury service alone * * *. [I]f we bring in another jury at a later time, *we have the same problem,* and the *same problem at any other time,* and I know the men on this jury are thoroughly qualified to sit down around the table and come to the proper answer in this case, fair to the Government and fair to the defendant. * * *" (Emphasis ours.)

This expansion, though well intentioned, was objectionably constraining. Unaccented and unembellished, the Allen charge is quite bold enough, and in our opinion these further words did not simply guide the jury but inclined their deliberation. United States v. Rogers, 289 F.2d 433, 435–437 (4 Cir. 1961); Powell v. United States, 297 F.2d 318, 322 (5 Cir. 1961). See Huffman v. United States, 297 F.2d 754 (5 Cir. 1962), dissent at 755.

Also assigned as error is the peremptory instruction of the Court that the voluntariness of an oral confession in the case was not open to jury question. The Court charged that as a matter of law the confession—if made—was voluntary. The circumstances of the confessing were anxiously canvassed by the Court before it was released to the jury. No substantial evidence indicated that the accused was urged to give a statement or swayed in his volition. Whether in fact he made the admissions was left to the jury under appropriate safeguards. The absolute instruction was quite justified. Smith v. United States, 210 F.2d 496, 498 (D.C.Cir. 1954); Williams v. United States, 189 F.2d 693 (D.C.Cir. 1951). Cf. Denny v. United States, 151 F.2d 828 (4 Cir. 1945).

Defendant's other assignments relate to asserted irregularities of procedure, all happening through inadvertence. As the case must be retried they will not be enumerated. For the errors discussed, the judgment of the District Court will be set aside and a new trial ordered.

Reversed and remanded.