Reginald CARRELL, Petitioner,

v.

UNITED STATES of America,
Respondent.

Misc. No. 2291.

United States Court of Appeals
District of Columbia Circuit.

June 4, 1964.

Reginald Carrell, pro se.

David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Robert D. Devlin, Asst. U. S. Attys., for respondent in opposition.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges, in Chambers.

PER CURIAM:

Petitioner, after being sentenced on January 10, 1963, did not file a notice of appeal within ten days. Rule 37(a)(2), F.R.Cr.P. On December 9, 1963, petitioner filed a pleading in the District Court styled "Motion for extension of time to file application for 'notice of appeal' in forma pauperis." The motion alleged that within ten days of sentence, petitioner informed his trial counsel, an officer of the court, that he wished to take an appeal, and that trial counsel informed petitioner that he would file a timely notice of appeal. The motion was denied for lack of jurisdiction, cf. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and this petition was then taken to review that denial.

A similar situation was presented to us in Paulding v. United States, 118 U.S.App.D.C. ——, 335 F.2d 686 (Misc. No. 2252, decided March 16, 1964). We there held that a petitioner could file a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, containing such allegations, on which motion the District Court should hold a hearing. If the District Court determined that such action was warranted, we there held, it should vacate the sentence previously imposed and resentence petitioner so as to permit a timely direct appeal. See Calland v. United States, 7 Cir., 323 F.2d 405 (1963); compare Dodd v. United States, 9 Cir., 321 F.2d 240, 243–246 (1963), and cases therein cited; see also Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); Thompson v. I. N. S., 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); Harris Trunk Lines v. Cherry Meat Packers, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

Here we see no necessity for a new proceeding to be filed in the District Court. We grant the petition, vacate the order which petitioner seeks to review, and remand this cause to the District Court with directions to cause the production of petitioner in open court at a hearing, at which the court will require the attendance of petitioner's trial counsel and shall hear him, as well as petitioner, and any other competent evidence that may be offered relevant to the purpose of this remand. Upon the conclusion of such hearing, at which the Government as well as the petitioner may be represented by counsel, the District Court will make findings of fact and conclusions of law and thereupon enter a new final order on petitioner's motion for extension of time, based upon the record as supplemented by said findings and conclusions. See Calland v. United States, supra, 323 F.2d at 409.

So ordered.