**Reginald CARRELL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18782.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1965.

Decided March 18, 1965.

Mr. William H. Clarke, Washington, D. C., with whom Mr. David F. Grimaldi, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. David N. Ellenhorn, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

PER CURIAM.

Appellant, with others, was convicted of rape. He did not appeal within the time specified in Rule 37(a) (2), Fed.R. Crim.P. Others tried with him did appeal, one obtaining a reversal. Franklin et al. v. United States, 117 U.S.App.D.C. 331, 330 F.2d 205 (1964). Prior to that decision, but some thirteen months after he had been sentenced, appellant on February 14, 1964 filed in the District Court a Motion for leave to file an appeal after the 10 days specified in the Rule had expired. He claimed in substance that his trial counsel had failed to follow his instruction to file an appeal, a failure of which appellant says he had been unaware. The motion was denied. On appeal this court remanded to the District Court:

"with directions to cause the production of petitioner in open court at a hearing, at which the court will require the attendance of petitioner's trial counsel and shall hear him, as well as petitioner, and any other competent evidence that may be offered relevant to the purpose of this remand. Upon the conclusion of

such hearing, at which the Government as well as the petitioner may be represented by counsel, the District Court will make findings of fact and conclusions of law and thereupon enter a new final order on petitioner's motion for extension of time, based upon the record as supplemented by said findings and conclusions."

Carrell v. United States, 118 U.S.App. D.C. 264, 335 F.2d 686, 687 (1964).

On this remand the District Court immediately held a hearing at which appellant's trial counsel was present but in the posture of a witness and not as counsel. Carrell was not represented and it is this absence of representation which is the basis of his complaint here.

■■ The issue in the hearing was whether Carrell could show a basis for some relief. We suggest no failure whatever in trial counsel's conduct but a hearing to determine whether failure to take a timely appeal is to be excused is so critical to the basic right of appeal that one who is without counsel and urges the claim must be offered the assistance of counsel.

Remanded for further proceedings.