**Henry Thomas SHIPP, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 747.

United States District Court
E. D. North Carolina,
Fayetteville Division.

Aug. 17, 1965.

Henry Thomas Shipp, pro se.

No appearance for respondent.

BUTLER, Chief Judge.

This is a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. Petitioner is in federal custody by virtue of a sentence of ten years imprisonment imposed by this court on April 23, 1965, upon his conviction by a jury of carnal knowledge of a female under sixteen in violation of 18 U.S.C.A. § 2032.

The sole ground for relief alleged is the contention that "the ineffective action of court-appointed counsel in failing to file notice of appeal, after assuring petitioner that he would do so, was in effect, a blocking and frustrating of accused's right to have original judgment of conviction reviewed by Appellate Court, and thus a denial of due process of law."

Petitioner does not allege deceit or fraud on the part of counsel, but only neglect to take an appeal after stating that he would do so. Even if the alleged neglect of counsel be conceded, there is no allegation or statement of facts tending to show any errors at the arraignment, trial, or sentencing of petitioner. Indeed, if an appeal in forma pauperis had been taken in apt time, it would have been the duty of the trial court to certify that the appeal was not taken in good faith.

■ Even though a federal prisoner who has been deprived of his right to appeal by deception or neglect of counsel may be entitled to present by motion under § 2255 errors ordinarily cognizable only on an appeal, it is nevertheless essential that the motion affirmatively show that the attempted appeal is not so wholly

lacking in merit that it would be dismissed by the appellate court.[1]

It would be a futile procedure to appoint counsel and hold a hearing to determine whether failure to appeal resulted from the deception or neglect of counsel, when the determination of that issue should not result in the relief sought in the absence of any suggestion that the appeal is not frivolous and that prejudice resulted to the defendant.

Now, therefore, it is ordered that the motion to vacate be and it is hereby denied.

It is further ordered, for purpose of the record only, that petitioner be allowed to file his motion without prepayment of filing fee to the clerk of this court.

---

1. See Dodd v. United States, 321 F.2d 240 (9th Cir. 1963); Miller v. United States, 339 F.2d 581 (9th Cir. 1965); Fennell v. United States, 339 F.2d 920 (10th Cir. 1965). Contra, Calland v. United States, 323 F.2d 405 (7th Cir. 1963); See Desmond v. United States, 333 F.2d 378 (1st Cir. 1964); cf. Carrell v. United States, 118 U.S.App.D.C. 264, 335 F.2d 686 (D.C.Cir. 1964).