UNITED STATES of America,
Appellee,

v.

Henry Thomas SHIPP, Appellant.

No. 12203.

United States Court of Appeals
Fourth Circuit.

Argued March 3, 1969.

Decided April 18, 1969.

Ervin I. Baer, Fayetteville, N. C. (Court-appointed counsel) for appellant.

W. Arnold Smith, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., and Alton T. Cummings, Asst. U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

SOBELOFF, Circuit Judge:

A jury convicted appellant Henry Thomas Shipp of violating 18 U.S.C. § 2032 which makes it a crime to have carnal knowledge of a female under 16 years of age. The statute applies in all places within the special maritime

and territorial jurisdiction of the United States. The offense of which Shipp stands convicted is having sexual relations with his older stepdaughter, Jacqueline Ann Johnson, on May 31, 1964 in the family's living quarters at Fort Bragg. She was then 11 years of age. On this direct appeal,[1] appellant, upon whom the court imposed a 10-year sentence, challenges the legal sufficiency of the evidence adduced by the Government.

Appellant, a member of the Armed Forces, was living with his wife and five children on a military reservation at Fort Bragg, North Carolina during the two-year period ending in August, 1964. The two oldest children, daughters of a former marriage of Shipp's wife, were aged 11 and 9. The other three, aged 5, 4, and 1, were born to her and Shipp during their marriage.

As the only witness for the Government, Jacqueline Johnson testified that the defendant returned home about midnight, entered her room, and committed the sexual act upon her after first applying a vaginal lubricant. She was able to state the lubricant's tradename— "Perception"—and declared most positively that the exact date of the incident was May 31, 1964 and that she gave birth to a child on March 6, 1965, which is precisely 280 days later. She also testified that she had never before or after the event in question engaged in the sex act with any other person, and that the defendant had sexual relations with her on subsequent occasions, the dates of which she did not specify.

The defendant and the prosecutrix gave similar descriptions of the family's living quarters, the scene of the alleged crime. There were three bedrooms; Shipp and his wife slept in one, his two stepdaughters, then aged 11 and 9 years respectively, occupied an adjoining room, and the three younger children were in the third. The prosecutrix testified that at the time of the offense charged her mother and the other children were in the home asleep.

On cross-examination, the prosecutrix reiterated her certainty as to the dates of the alleged crime and the birth of her child, but could not recall any specifics in regard to when she had begun to experience the menstrual cycle or the date of her last period either before or after May 31, 1964. She also admitted that she had never told anyone about the incident and that her mother had "found out herself."

Taking the stand on his own behalf, Shipp denied ever having had improper relations with his stepdaughter and claimed that on May 31, 1964, he was on duty all night and did not return home.

---

1. There was an earlier chapter in this litigation. In 1966, appellant moved under 28 U.S.C.A. § 2255 to vacate his sentence, but the District Court denied relief without requiring an answer by the respondent and without holding a plenary hearing. One of the contentions in the motion was that the defendant had been denied his right of appeal under the following circumstances:

At the conclusion of the trial, Shipp's counsel orally noted an appeal and the judge advised him that notice of appeal must be made in writing. Counsel stated that he would prepare a proper written notice, but this he failed to do and Shipp did not discover the omission until after the expiration of the 10-day period fixed by Rule 37(a) (2) of the F.R.Cr.Proc. Shipp then wrote the court, asking that his letter be considered his notice of appeal, but the Clerk replied that his letter, dated May 17, 1965, was untimely. The trial had been completed twenty-four days earlier on April 23, 1965.

This court, in a memorandum decision dated June 6, 1967 (No. 11,458), affirmed the District Court's denial of the § 2255 motion, 245 F.Supp. 706, in all respects except one. We took the view that Shipp's contention in respect to denial of the right of appeal had not been fully considered in the District Court, and we remanded the case for further proceedings on that issue. On remand, the District Court held a hearing and in an order entered on February 8, 1968 concluded that Shipp's failure to file written notice within the 10-day period was due to "excusable neglect" and since his letter of May 17, 1965 was within 30 days from the expiration of the original 10-day period, it was timely under F.R.Crim.P. 37(a) (2). The present appeal followed.

Implying that his wife prompted the child to accuse him falsely, the defendant testified to an incident that occurred in France in 1961 or 1962 when he was stationed there. On that occasion, he said, his wife charged him with having sexual intercourse with his own 14-year-old daughter who had been born to him out of wedlock by another woman.[2] His guilt or innocence of the earlier accusation was never adjudicated, and he testified that his wife, not he, was ordered off the reservation. He declined to say, however, that there was a causal relation between her allegedly irresponsible charges against him and the order for her departure. While this testimony might support the defendant's implication that the wife was prone to level false accusations of this nature against him, the jury, of course, might have drawn an adverse inference from his recital of the earlier episode.

On cross-examination, the U. S. Attorney elicited from the appellant a reluctant admission that he had been convicted of stealing Government property and, for that reason, reduced in rank from Sergeant, 1st Class, to Specialist, 4th Class. The District Judge properly instructed the jury that this evidence went only to the appellant's credibility and not his guilt or innocence of the instant charge.

■ The only other witness was one called by the defendant to testify to his character while at Fort Bragg.[3]

■■ Appellant contends that without corroboration of the prosecutrix's testimony there can be no valid conviction for an offense of this nature. In support he cites cases decided by the District of Columbia Circuit[4] which stand for the proposition that at least some indirect evidence, from a source other than the prosecutrix, is necessary to sustain a conviction for rape or unlawful carnal knowledge. However, the established rule in this circuit is otherwise, and Judge Bryan recently stated what we continue to believe is the correct view in regard to corroboration. In

2. This child was not living with Shipp and his family at the time of the offense now under review, and the record does not disclose her whereabouts.

3. The fact that the Government did not call appellant's wife as a witness may not be significant, because the defendant, by making timely objection, could perhaps have prevented her from testifying. The general rule laid down in Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958), is that a spouse may not testify against a defendant over the latter's objection. However, under a long-recognized exception to the general rule no privilege may be asserted by a defendant where the spouse was the victim of the criminal act. See Wyatt v. United States, 362 U.S. 525, 80 S.Ct. 901, 4 L. Ed.2d 931 (1960).

In many states, these common law rules have been codified, and a number of state courts have held the exception equally applicable when the victim of the crime is the defendant's child or stepchild. E. g., Chamberlain v. State, 348 P.2d 280 (Wyo.1960); State v. Kollenborn, 304 S.W.2d 855 (Mo.1957); O'Loughlin v. People, 90 Colo. 368, 10 P.2d 543, 82 A.

L.R. 622 (1932); Wilkinson v. People, 86 Colo. 406, 282 P. 257 (1929). However, the federal courts appear not to have been called upon to decide whether a spouse is incompetent as a witness where the victim is a child of either spouse.

It is interesting to note that one of the new rules recently recommended by the Advisory Committee on the Rules of Evidence of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States expressly provides for this contingency:

*Rule 5–05. Husband-wife privilege.*

(a) *General rule of privilege.* An accused in a criminal proceeding has a privilege to prevent his spouse from testifying against him.

(b) *Exceptions.* There is no privilege under this rule (1) in proceedings in which one spouse is charged with a crime against the person or property of the other *or of a child of either* * * *. (Emphasis added.)

4. Roberts v. United States, 109 U.S.App. D.C. 75, 284 F.2d 209 (1960), cert. denied, 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed. 2d 60; Walker v. United States, 96 U.S. App.D.C. 148, 223 F.2d 613 (1955); Mil-

United States v. Smith, 303 F.2d 341, 342 (4 Cir. 1962), he wrote:

> [T]he testimony of the complainant ought to be scrutinized carefully but * * * it may be accepted though uncorroborated if, after considering the entire evidence, including the inherent credibility or incredibility and the probability or improbability of her testimony when viewed in the light of all pertinent circumstances, the jury believe beyond a reasonable doubt that her testimony is true; * * * if they accept her testimony, the jury may convict on it alone, if after considering any and all evidence to the contrary they believe beyond a reasonable doubt that the defendant committed the alleged crime as comprised of all the elements outlined by the court.

The District Judge's instruction in this case followed the quoted language almost word for word. Shipp's initial contention, based on the absence of corroboration, is therefore rejected.[5]

The further point—a variation of the first—made by appellant is that the testimony of the prosecutrix was so insubstantial and inherently incredible that it was error for the District Judge to submit the case to the jury. Shipp draws attention to his stepdaughter's testimony that her sister was in the same room during the alleged assault and that her mother, step-sister and stepbrothers were in adjoining rooms. He stresses her admission that she at no time complained of the incident to anyone. In addition, he argues that a naive child of 11 would not remember the name of the lubricant allegedly used and intimates that her testimony was coached. Finally, he relies upon the fact that the child was positive as to the precise dates of the attack and the childbirth but was unable to remember anything in regard to her own menstrual cycle. All of this, we are told, renders her testimony so improbable that the District Court should have granted the motion for a judgment of acquittal.

■ In sum, the appellant's contentions raise a single question—whether the child's testimony was of such a nature that fair-minded jurors could be satisfied of his guilt beyond a reasonable doubt. The problem here is unlike that which arises when the prosecution rests upon indirect or circumstantial evidence and the contention is made that the evidence does not fairly justify an inference of guilt. Here the jury had the girl's direct testimony which, if believed, plainly furnished a sufficient ground for finding guilt beyond a reasonable doubt. We have repeatedly stated that the triers of fact are to determine credibility.[6] It is a truism deeply rooted in juridic experience that where the evidence is in conflict, the jury's opportunity to observe the witnesses' demeanor is especially important in judging credibility.

■■ These general principles demonstrate that it is not ordinarily within the appellate court's province to review a jury's resolution of issues of credibility. The trial judge, who like the jury had the advantage of observing the witnesses as they testified, is vested with broader power. Even when there has been substantial evidence which required him to submit the case to the jury, he may in his discretion set the verdict aside and grant a new trial if he thinks the verdict is against the weight of the evidence, and it is his duty to do so if he is convinced that permitting the verdict to stand would result in a miscar-

---

ler v. United States, 93 U.S.App.D.C. 76, 207 F.2d 33 (1953); Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633 (1942), cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145.

5. For a general discussion of "the problem of estimating the veracity of feminine testimony against masculine offenders," see VII Wigmore § 2061 (3d ed.1940).

6. Pannell v. Cunningham, 302 F.2d 633 (4 Cir. 1962); United States v. Bagdasian, 291 F.2d 163, 166 (4 Cir. 1961), cert. denied, 368 U.S. 834, 82 S.Ct. 60, 7 L.Ed. 2d 36; Harris v. United States, 283 F. 2d 923, 925 (4 Cir. 1960); Fields v. United States, 228 F.2d 544, 547 (4 Cir. 1955), cert. denied, 350 U.S. 982, 76 S. Ct. 468, 100 L.Ed. 850.

riage of justice. The power exists in both civil and criminal cases.[7]

 The appellant insists, however, that this is an exceptional case, demanding appellate correction, because of the inherently incredible nature of the girl's story. We find no reason to depart from the general rule. This is not a proper case for the application of the "physical facts doctrine" which this court has recognized in the past. Jarman v. Philadelphia-Detroit Lines, Inc., 131 F.2d 728 (4 Cir. 1942); Travelers' Indemnity Co. v. Parkersburg Iron & Steel Co., 70 F.2d 63 (4 Cir. 1934). In *Travelers*, Judge Parker stated that doctrine as follows:

> The rule is well settled, of course, that evidence contrary to established physical facts has no probative value. * * But to justify the ignoring of evidence under this rule the evidence ignored must be utterly at variance with well-established and universally recognized physical laws and therefore inherently impossible * * *. The rule means merely that courts are not required to stultify themselves by giving serious consideration to what every man knows to be untrue. 70 F. 2d at 64–65.

Manifestly the version of the prosecutrix was not inherently impossible or against some law of physical nature.

We recognize that the features of the case which the appellant emphasizes are highly pertinent and proper considerations for the triers of the facts, whose province it was to weigh and appraise them along with the rest of the evidence. Quite properly the appellant brought to the jury's attention all of the factors bearing on the child's credibility. His own credibility was likewise in issue, and the jury believed the girl. The fact that guilt or innocence here turned upon

the veracity of a single witness does not warrant a redistribution of the respective responsibilities of the jury, the trial judge and the appellate judges.

Affirmed.

7. See F.R.Civ.P. 59 and F.R.Crim.P. 33. McCracken v. Richmond Fredericksburg & Potomac Railroad Co., 240 F.2d 484 (4 Cir. 1957); Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4 Cir. 1941);

Garrison v. United States, 62 F.2d 41 (4 Cir. 1932); United States v. Hurley, 281 F.Supp. 443 (D.Conn.1968); United States v. Robinson, 71 F.Supp. 9 (D.D.C. 1947).