James **ROBERTSON**, Jr., Plaintiff,

v.

Walter M. **RIDDLE** et al., Superintendent, Virginia State Penitentiary, Defendant.

Civ. A. No. 75–0062.

United States District Court,
W. D. Virginia,
Danville Division.

Oct. 3, 1975.

James Robertson pro se.

Jerry Slonaker, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

James Robertson, an inmate at the Virginia State Penitentiary, Richmond, Virginia, has filed this *pro se* petition for a writ of habeas corpus. Petitioner attempts to style his action as a civil rights action under 42 U.S.C. § 1983. However, he challenges the fact of his confinement, and for relief, asks immediate release from such confinement. Since we must liberally construe his petition, we find it one for a writ of habeas corpus, the sole federal remedy for petitioner's demands. *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Petitioner was tried in the Circuit Court of Patrick County and, on July 9, 1974, was convicted of felonious breaking and entering with intent to commit larceny and grand larceny and sentenced to four (4) years and three (3) years in the penitentiary, respectively. Petitioner appealed his conviction of July 9, 1974, to the Supreme Court of Virginia by way of direct appeal. In his petition for a writ of error, petitioner alleged that the circumstantial evidence of the Commonwealth failed to establish the identity of petitioner as the perpetrator of the break-in and the larceny beyond a reasonable doubt and to the exclusion of every other reasonable theory of innocence; and the Commonwealth did not produce direct evidence to contradict the alibi testimony of two disinterested, unimpeached witnesses for the petitioner. By order of May 9, 1975, the Supreme Court of Virginia denied and dismissed this petition and affirmed the conviction. Petitioner has sought no other post conviction relief in state courts, but does have pending another petition for writ of habeas corpus (CA No. 75–0055) before this court.

Petitioner claims, and respondent admits, that the presiding judge at petitioner's preliminary hearing was not and is not a member of the Virginia State Bar. Respondent has further answered with a motion for summary judgment. Respondent also complains that petitioner has not exhausted his state remedies, a prerequisite to federal habeas corpus relief. 28 U.S.C. § 2254(d). We first examine whether the exhaustion requirements have been satisfied.

The petitioner's conviction occurred on July 9, 1974, so the Virginia statutory period for appeal on this claim

has passed. Va.Code § 8–463 (1950). It is presumed that the petitioner has not waived his right to appeal on this issue, so he is not precluded from raising on habeas corpus matters which he could have raised on appeal in the state courts, since the appellate procedure is no longer available to him. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Additionally, in Virginia, the principle that the deprivation of a constitutional right of a prisoner may be raised by habeas corpus is inapplicable when a prisoner has been afforded a fair and full opportunity to raise and have adjudicated an alleged non-jurisdictional defect of a judgment of conviction, and he fails to take advantage of that opportunity. *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974). Even assuming petitioner's claim achieves constitutional magnitude, the Virginia Supreme Court has decreed that the requirement for a preliminary hearing is procedural only, and not jurisdictional, and any defect in connection therewith must be raised before trial, or forever lost as a grounds of objection. *Snyder v. Commonwealth,* 202 Va. 1009, 121 S.E.2d 452 (1961). Therefore, a petition for a writ of habeas corpus to the Supreme Court of Virginia would be ineffective to protect the rights of petitioner because he failed to raise his claim at trial. 28 U.S.C. § 2254(b). Thus this court will consider the allegations raised by the petition.

█ Even though this court may consider matters which should normally be raised at trial or on appeal in the state courts, this court does not sit as a court of appeals over state trial courts. We will not grant relief under habeas corpus for matters or even violations of state law and procedure unless those matters impugn fundamental fairness or infringe upon specific constitutional protections. *Grundler v. North Carolina,*

283 F.2d 798, 802 (4th Cir. 1960). Thus the petitioner's allegation concerning lack of legal qualifications by the presiding judge at his preliminary hearing must raise constitutional issues or it fails. *Id.* We find it fails.

█ The United States Supreme Court, in a recent case, studied the various methods of probable cause determination after arrest and detention and concluded that, although there must be such a determination after arrest and detention, the informal procedures used are justified not only by the lesser consequences of a probable cause determination but also by the nature of the determination itself. *Gerstein v. Pugh,* 420 U.S. 103, 121, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The Court went on to say that although formalities and safeguards required at trial by the Constitution might enhance the probable cause determination in some cases, in most their value would be too slight to justify holding, as a matter of constitutional principle, that they must also be employed in making the Fourth Amendment determination of probable cause. *Id.,* at 122, 95 S.Ct. 854. From this reasoning we conclude that as long as there is a probable cause determination after arrest and detention by an impartial judicial officer, no defects of constitutional magnitude may arise from that determination. We, therefore, dismiss petitioner's petition for a writ of habeas corpus with prejudice for failure to state a claim upon which relief can be granted. The claim fails to raise a constitutional issue, thus the remedy of federal habeas corpus relief may not issue.

For the above reasons, this case is dismissed and ordered stricken from the docket. The petitioner is advised that he may appeal this decision within thirty (30) days of the decision to the Fourth Circuit Court of Appeals.