James **ROBERTSON**, Jr.

v.

Walter M. **RIDDLE**, Superintendent Virginia State Penitentiary.

Civ. A. No. 75–0055.

United States District Court,
W. D. Virginia.

Nov. 19, 1975.

James Robertson, pro se.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

James Robertson, an inmate at the Wise Correctional Unit #18, Coeburn, Virginia, has filed this *pro se* petition for a writ of habeas corpus. Petitioner attempts to style his action as a civil rights action under 42 U.S.C. § 1983. However, he challenges the fact of his confinement, and for relief asks immediate release from such confinement. Since we must liberally construe his petition, we find it one for a writ of habeas corpus, the sole federal remedy for petitioner's demands. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed.2d 439 (1975). Petitioner comes before this Court for the second time, *Robertson v. Riddle*, 402 F.Supp. 144 (1975). His first petition was dismissed for failure to raise a constitutional issue. *Id.*

Petitioner was tried in the Circuit Court of Patrick County, and on July 9, 1974, was convicted of felonious breaking and entering with intent to commit larceny and grand larceny and sentenced to three (3) and four (4) years in the penitentiary, respectively. Petitioner appealed his conviction of July 9, 1974, to the Supreme Court of Virginia by way of direct appeal. In his petition for a writ of error, petitioner alleged that the circumstantial evidence of the Commonwealth failed to establish the identity of petitioner as the perpetrator of the break-in and the larceny beyond a reasonable doubt and to the exclusion of every other reasonable theory of innocence; and the Commonwealth did not produce direct evidence to contradict the alibi testimony of two disinterested, unimpeached witnesses for the petitioner. By order of May 9, 1975, the Supreme Court of Virginia denied and dismissed this petition and affirmed the conviction. Petitioner has sought no other post conviction relief in state courts.

Petitioner's claims under review at this time are the following:

(1) There was insufficient evidence to sustain his conviction,

(2) Petitioner's jury was made up totally of members of the white race,

(3) Petitioner was denied the right to choose his own counsel,

(4) Petitioner was denied the effective representation of counsel,

(5) The conviction was obtained by use of evidence seized pursuant to an unlawful arrest; and

(6) The conviction was obtained by the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to his defense.

Respondent claims that petitioner has not exhausted his state remedies with regards to allegations 2–6. Since exhaustion is a prerequisite to federal habeas corpus relief, 28 U.S.C. § 2254(d), we first examine whether the exhaustion requirements have been satisfied.

The petitioner's conviction occurred on July 9, 1974, so the Virginia statutory period for appeal on these claims has passed. Va.Code § 8–463 (1950). It is presumed that the petitioner has not waived his right to appeal on these issues, so he is not precluded from raising on habeas corpus matters which he could have raised on appeal in the state courts, since the appellate procedure is no longer available to him. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Additionally, in

Virginia the principle that the deprivation of a constitutional right of a prisoner may be raised by habeas corpus is inapplicable when a prisoner has been afforded a fair and full opportunity to raise and have adjudicated a nonjurisdictional defect of a judgment of conviction, and he fails to take advantage of that opportunity. *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974). None of petitioner's allegations deal in any way with the trial court's jurisdiction of the case, and only one allegation (number 5) was raised at trial and even that allegation was not raised on appeal. Therefore, a petition for a writ of habeas corpus to the Supreme Court of Virginia would be ineffective to protect petitioner's rights because he failed to raise his claims at trial and on appeal. 28 U.S.C. § 2254(b). Thus, this Court will consider all of petitioner's allegations.

## I

■ Petitioner's first allegation concerns the sufficiency of the evidence upon which his conviction was based. It is readily apparent from the record that petitioner's conviction rested upon circumstantial evidence. But circumstantial evidence may form the basis of a conviction. *Barnes v. U. S.*, 412 U.S. 837, 843, 846, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Hickory v. U. S.*, 151 U.S. 303, 310, 14 S.Ct. 334, 38 L.Ed. 170 (1894); *U. S. v. Porter*, No. 74–2261 (4th Cir., October 30, 1975); *U. S. v. Bobo*, 477 F.2d 974, 989 (4th Cir., 1973). The circumstantial evidence in this case was the presence of petitioner's checkbook at the scene of the crime, Transcript at 47–8, and an identifiation of petitioner's Volkswagen van as the vehicle parked at the scene of the crime during the commission of the crime. Tr., Direct Examination of Phillip Conner, at 52–60. Since the constitutional threshold for allegations involving the sufficiency of evidence at state trial is the absence of any evidence on which a conviction can be based, *Thomp-*

*son v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); *Williams v. Peyton*, 414 F.2d 776 (4th Cir., 1969), no constitutional question has been presented by petitioner's first allegation and it is hereby dismissed with prejudice.

## II

■ Petitioner's second allegation deals with the make-up of his petit jury. Petitioner contends that his jury was completely white. Respondent admits that fact and moves for summary judgment on this point and attaches affidavits which show the presence of one black on petitioner's venire panel. The Clerk of the Patrick County Circuit Court further states that seven per cent (7%) of those eligible for jury service are black and that in 1974 seven per cent (7%) of the names on the master list were those of black citizens. Petitioner states no facts contrary to this affidavit. Therefore, we hold that there has been no systematic exclusion of blacks from the master list in Patrick County. If petitioner contends in his petition that there must be a systematic inclusion of blacks on his particular jury, that contention is without merit.

> All that the Constitution forbids . . . is systematic exclusion of identifiable segments of the community from jury panels and from the juries ultimately drawn from those panels; a defendant may not, for example, challenge the makeup of a jury merely because no members of his race are on the jury, but must prove that his race has been systematically excluded.

*Apodaca v. Oregon*, 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972). Respondent's motion for summary judgment on this allegation is hereby granted.

## III

■ Petitioner's third allegation is that he was denied the right to a specif-

ic attorney to prosecute his appeal to the Virginia Supreme Court. No such right to counsel of choice exists when dealing with court-appointed attorneys. *U. S. v. Lisk,* 454 F.2d 205 (4th Cir., 1972), *cert. denied,* 406 U.S. 926, 92 S.Ct. 1798, 32 L.Ed.2d 128 (1972). Petitioner's third allegation is dismissed with prejudice.

## IV

■ Petitioner's fourth allegation, that he was denied effective assistance of counsel, is frivolous. Petitioner, at p. 121 of the trial transcript, agreed with the trial judge that his legal representation was "entirely satisfactory". Petitioner's fourth allegation is dismissed with prejudice.

## V

■ Petitioner's fifth allegation deals with whether certain evidence was admitted even though it was garnered from him without prior notification to him of his *Miranda* rights by the investigating officers. This issue was explored in an evidentiary hearing before trial. The trial judge ruled on the issue, choosing to believe the officer's testimony—that the *Miranda* warnings were given. Tr. at 21. The credibility of witnesses is not susceptible to review in habeas corpus proceedings. *U. S. v. Shipp,* 409 F.2d 33, 36–7 (4th Cir., 1969), *cert. denied,* 396 U.S. 864, 90 S. Ct. 140, 24 L.Ed.2d 117 (1969). Petitioner's fifth allegation is dismissed with prejudice.

## VI

■ Petitioner's sixth and final allegation is not only frivolous but absurd. Petitioner states that the prosecution withheld from the court the fact that the Commonwealth failed to adduce evidence involving petitioner in the crime. This "fact" was divulged to the court by means of defendant's Motion to Strike. Tr. at 70, 117.

Petitioner also states that the prosecution failed to mention that there were no fingerprints linking petitioner with the crime, no merchandise in petitioner's possession and no eyewitness identification of the petitioner at the scene of the crime while it was taking place. Defendant's Motion to Strike addressed the lack of eyewitness identification. Possession of stolen merchandise is irrelevant and unnecessary for conviction of the crimes with which petitioner was charged. As regards the lack of fingerprints, that is evidence which fails to prove guilt, but it does not follow that it reinforces any presumption of innocence. Therefore, it need not be mentioned by the prosecution.

■ Petitioner further states that the prosecution failed to produce and show a hospital record which would have supplied petitioner with support for his alibi defense. First of all, petitioner was as aware of the record as was the prosecution. For that reason the allegation is absurd and frivolous. Additionally, the failure of the defense to use the record was a matter of trial strategy and is not reviewable in habeas corpus proceedings. *Tompa v. Commonwealth,* 331 F.2d 552 (4th Cir., 1964). Petitioner's sixth allegation is dismissed with prejudice.

For the above reasons, this case is dismissed and ordered stricken from the docket. The petitioner is advised that he may appeal this decision within thirty (30) days of the decision to the Fourth Circuit Court of Appeals.