**UNITED STATES of America, Appellee,**

v.

**Harold BEAR RUNNER, Appellant.**

No. 77–1857.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1978.

Decided April 26, 1978.

Bruce H. Ellison, Rapid City, S. D., on brief, for appellant.

David V. Vrooman, U. S. Atty., and Jeffrey L. Viken, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY and BRIGHT, Circuit Judges, and VAN SICKLE,* District Judge.

LAY, Circuit Judge.

Harold Bear Runner appeals a conviction based on a violation of 18 U.S.C. § 1153 and S. D. Compiled Laws Ann. § 22–22–19 (1967) for incest. The government's evidence rested primarily on the testimony of the victim, defendant's 12 year old daughter.

Defendant asserts as error on appeal that reasonable doubt of his guilt exists as a matter of law since there was no corroboration of the victim's testimony; and that the trial court erred in admitting evidence of prior incestuous acts. We affirm.

In urging the need for corroboration, defendant relies on the decision in *United States v. Ashe,* 138 U.S.App.D.C. 356, 427 F.2d 626 (1970), where the court held that "[t]he need for corroboration cannot be dispensed with simply because this is a case of incest." *Id.,* 138 U.S.App.D.C. at 358, 427 F.2d at 628. The position taken by the District of Columbia Circuit is, however, concededly a minority view. At least 35 states now reject any corroboration requirement for rape.[1] *See* Note, *The Rape Corroboration Requirement: Repeal Not Reform,* 81 Yale L.J. 1365, 1367 (1972).[2] Furthermore, as the *Ashe* court itself noted, "as a practical matter corroboration is difficult to establish as to an intra-family sex crime." 138 U.S.App.D.C. at 358, 427 F.2d at 628.[3]

---

\* Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

1. Corroboration in sexual offense cases was not required at common law. *See* 7 Wigmore on Evidence § 2061, at 342 (3d ed. 1940).

2. The South Dakota Supreme Court has held that under S. D. Compiled Laws Ann. § 22–22–19 (1967), the incorporated state law under 18

U.S.C. § 1153, the testimony of a prosecuting witness under the age of consent (15) need not be corroborated in incest prosecutions. *State v. Goff,* 86 S.D. 354, 195 N.W.2d 521 (S.D. 1972).

3. As the facts of this case indicate, some corroborative testimony was presented. A gynecologist testified that he had examined the victim several months after the alleged incident

We feel the better reasoned approach, at least as applied to incest cases, is that adopted by the Fourth Circuit in *United States v. Shipp,* 409 F.2d 33 (4th Cir.), *cert. denied,* 396 U.S. 864, 90 S.Ct. 140, 24 L.Ed.2d 117 (1969). In the *Shipp* case the defendant challenged the legal sufficiency of the evidence in an incest case involving an 11 year old child. After acknowledging the existence of the District of Columbia Circuit's approach, the court held, quoting *United States v. Smith,* 303 F.2d 341, 342 (4th Cir. 1962), that:

> "[T]he testimony of the complaint ought to be scrutinized carefully but * * it may be accepted though uncorroborated if, after considering the entire evidence, including the inherent credibility or incredibility and the probability or improbability of her testimony when viewed in the light of all pertinent circumstances, the jury believe beyond a reasonable doubt that her testimony is true; * * * if they accept her testimony, the jury may convict on it alone, if after considering any and all evidence to the contrary they believe beyond a reasonable doubt that the defendant committed the alleged crime as comprised of all the elements outlined by the court."

409 F.2d at 36.

We hold that corroboration of the victim's testimony is not required to establish guilt beyond a reasonable doubt in an incest case.

Defendant also complains that evidence of prior incestuous acts were improperly admitted by the trial judge.[4] The testimony of the victim stating that she had been subject to prior incestuous acts followed a cross-examination in which defense counsel attempted to indicate that variations in the victim's story as told to law officers showed her charge was contrived.

In *Bracey v. United States,* 79 U.S.App. D.C. 23, 142 F.2d 85, *cert. denied,* 322 U.S.

762, 64 S.Ct. 1274, 88 L.Ed. 1589 (1944), the court confronted a similar factual situation. In *Bracey* the defendant was charged with carnal knowledge of a 12 year old girl. The defendant's daughter was a key witness against him. During cross-examination the defense attempted to impeach her testimony by establishing a strong dislike for her father. The prosecution was allowed to rehabilitate its witness by procuring testimony from the girl that the reason she did not like her father was that he had committed a similar crime against her. The court observed:

> When, however, the impeachment of a witness is conducted in such manner as itself to confuse the jury concerning the existence of bias, or of its character if bias does exist, and thus to mislead the jury concerning the veracity and dependability of the witness, then the trial judge may properly permit an explanation to be made.

*Id.,* 79 U.S.App.D.C. at 27, 142 F.2d at 89. *See also Beck v. United States,* 317 F.2d 865, 869–70 (5th Cir. 1963), *cert. denied,* 375 U.S. 972, 84 S.Ct. 480, 11 L.Ed.2d 419 (1964); *United States v. Panetta,* 436 F.Supp. 114, 128 (E.D.Pa.1977).

The scope of cross-examination and rehabilitation are within the sound discretion of the trial court. *See United States v. Headid,* 565 F.2d 1029, 1031 (8th Cir. 1977). In light of the cautionary instruction given with respect to the use of the testimony relating to the prior acts we cannot say the trial court abused its discretion in permitting the introduction of the evidence.

The conviction is therefore affirmed.

---

and determined that the victim had had intercourse with an adult.

4. The defendant also contends that the indictment was so vague that it endangered his con-

stitutional guarantee against double jeopardy. On the entire record of the criminal proceedings, however, it is clear only a single specific incident of incest was charged and prosecuted.