810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert C. WILLIAMS, Defendant-Appellant.
 No. 86-5109.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided Jan. 16, 1987.
 
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Leonard L. Graves, Jr., on brief, for appellant.
 Henry E. Hudson, Gregory Welsh, Office of the United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Robert C. Williams appeals his convictions on two counts of an indictment, each count charging him with making a false statement on a Veterans Administration form, and aiding and abetting in the making of a false statement, in violation of 18 U.S.C. §§ 1001 and 2. Williams contends that his convictions should be reversed because there was insufficient evidence to support them. We affirm.
 
 
 2
 In an effort to address the problem of unemployment among veterans the Congress passed the Emergency Veterans' Job Training Act of 1983. 97 Stat. 443 (29 U.S.C. § 1721 note) (Supp.II 1984). The purpose of the Act was to encourage employers to hire and train certain veterans who had been unemployed for long periods of time, by offering the employers payments to defray the costs of training the veterans and as incentives to hire them. In order to participate in the program a veteran must obtain a certificate of eligibility from the Veterans Administration. An employer wishing to participate must have a training program which is approved by the Veterans Administration. In Virginia the Virginia Employment Commission assists the Veterans Administration in the screening of an employer's application by submitting a recommendation as to whether the training is adequate and whether the program should be approved. If an employer's application is approved then the Veterans Administration reimburses the employer for fifty percent of the veteran's starting hourly rate.
 
 
 3
 Robert C. Williams, while general manager of SANI-VAC Maintenance Services, Inc., submitted an application to the Veterans Administration for approval of a job-training program at SANI-VAC for John Choyce, an eligible veteran. The application contained nine categories of training which Choyce would receive, including training in company policies and procedures, safety and first aid, scheduling jobs and workers, and learning and using tools and equipment. In order for SANI-VAC to receive its reimbursement it had to submit periodic certifications of training. It is two documents signed on March 20, 1986, by Choyce and Williams, and submitted by Williams, certifying Choyce's training which contain the false statements underlying Williams' two convictions.
 
 
 4
 Choyce testified at Williams' trial that at the time that he signed the two certifications he had not received any training, that he questioned Williams about it, and was informed that there would be training at some later time. Williams testified that he had trained Choyce by providing him with a copy of the company policy and procedures, a copy of the government specifications, a copy of the union agreement, and by taking him to weekly meetings.
 
 
 5
 The standard of review of an appellate court in addressing a claim of insufficient evidence is whether there is sufficient evidence, viewed in the light most favorable to the government, to support the verdict. See Glasser v. United States, 315 U.S. 60 (1942). We conclude that there was sufficient evidence for the trial court to find that the certifications submitted by Williams were false.
 
 
 6
 A key provision of the veteran's training program is the training which the employer is required to provide. In Williams' case that training consisted of the nine specific categories of training contained in the application to the Veterans Administration for a job training program at SANI-VAC. The testimony at the trial was in conflict as to whether the agreed upon training was provided. Choyce testified that he had not received training in the nine categories. Williams testified that training was provided. In addition, two other veterans who had worked under the job-training program also testified that they had not received training. This case centers on the credibility of, and the weight to be given to, the various witnesses who testified. Since the testimony was in conflict, the trial judge's opportunity to observe the demeanor of the witnesses was especially important in judging their credibility. The trial judge clearly credited the testimony of Choyce that he had received no training. We see no reason to disturb the resolution of credibility reached by the trial judge in this case. See United States v. Shipp, 409 F.2d 33, 36 (4th Cir.), cert. denied, 396 U.S. 864 (1969); see also Pigford v. United States, 518 F.2d 831 (4th Cir.1975).
 
 
 7
 Finding that the facts and legal arguments are adequately presented in the briefs and the record, that the decisional process would not be aided significantly by oral argument, and that Williams' contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a) and affirm the judgment of the district court.
 
 
 8
 AFFIRMED.