F I L E D
United States Court of Appeals
Tenth Circuit

NOV 12 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TONY RABBIT,

      Defendant-Appellant.

No. 96-4103
(D.C. No. 95-CR-80-B)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, Circuit Judge, **EBEL**, Circuit Judge, and **MCWILLIAMS**, Senior Circuit Judge.

In a one-count indictment filed in the United States District Court for the District of Utah, Tony Rabbit, an enrolled member of the Ute Mountain Ute Indian Tribe, was charged with knowingly causing another person, a member of the Navajo Nation, to engage in a sexual act by using force against that other person, such occurring within Indian Country and in violation of 18 U.S.C. §§ 2241(a) and 1153(a). A jury convicted Rabbit of the crime charged and he was sentenced to imprisonment for 151 months, to be followed by three years of supervised release. Rabbit appeals. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

On appeal, Rabbit urges two matters: (1) the evidence is legally insufficient to support the jury's verdict of guilty as charged; and (2) the district court erred in its handling of the testimony of a government witness, Kevin Patrick, a criminalist for the Utah State Crime Laboratory. In support of his insufficiency of the evidence argument, counsel asserts that the testimony of the victim, Esther Haycock, was so internally inconsistent and uncorroborated in important details that the jury's verdict should not be permitted to stand.

Without going into unnecessary detail, Haycock testified that Rabbit sexually assaulted her on a country road in Utah and then fled the scene in her truck.[1] She said that although there was sexual penetration, she did not know whether Rabbit ejaculated. Rabbit testified that he did not have sexual contact with Haycock, although they did have an argument in which each slapped the other and that for some unknown reason he fled the scene in Haycock's truck. Rabbit was at large for three to four months before his eventual arrest.

Several witnesses testified that they found Haycock on the country road crying and claiming that she had been raped. Haycock, incidentally, had her left leg in a cast and was on crutches. The crutches were in the truck when Rabbit fled. Haycock had to crawl up the country road to find help.

---

[1]Haycock testified that she picked up Rabbit, who was hitchhiking along a country road after his car had stalled.

Two doctors testified as to the results of their examination of Haycock. According to the government, the doctors' testimony tended to corroborate Haycock's testimony. However, according to defense counsel, such testimony in reality demonstrates the inconsistences in Haycock's testimony. All of which indicates to us that Rabbit's guilt or innocence was a fact question to be resolved by the jury. Certainly Haycock's testimony, if believed by the jury, as it obviously was, is sufficient to support its verdict. In a case of this type, it would appear that a jury may convict on the uncorroborated testimony of the victim. *See generally United States v. Spoonhunter,* 476 F.2d 1050 (10th Cir. 1973) (since most rape cases involve circumstantial corroboration and not direct corroboration, jurors, not the appellate court, are charged with assessing the credibility of witnesses). *See also United States v. Bear Runner,* 574 F.2d 966 (8th Cir. 1978) (at least 35 states reject any corroboration requirement for rape); *United States v. Shipp,* 409 F.2 33 (4th Cir. 1969) *cert. denied,* 396 U.S. 864 (1969) (a jury in a case of this nature may convict on the uncorroborated testimony of complainant after considering all of the evidence); *United States v. Smith,* 303 F.2d 341 (4th Cir. 1962) (a jury in a rape case may convict on the uncorroborated testimony of the complainant "alone"). In the instant case, certainly there was some corroborating evidence. Two women who found Haycock on the country road testified to her physical and emotional condition. Additionally, the two doctors who examined her testified as to her condition.

Counsel also argues that the district court mishandled the testimony of Kevin Patrick, a criminalist with the Utah State Crime Laboratory. One of the examining doctors had prepared a rape kit which Patrick later analyzed for physiological fluids and pubic hairs. Jumping ahead, Patrick subsequently testified that he found no presence of either in the rape kit given him. The government accordingly did not propose to call Patrick as a witness and had not listed him on their list of potential witnesses.

As indicated, at trial Rabbit's defense was that he did not commit a sex act with Haycock and his counsel suggested to the jury as early as his opening statement that the "absence of semen" proved there was no sexual contact.

During the trial, the prosecution decided that it would call Patrick as a witness and so advised defense counsel. In this regard, outside the presence of the jury, the following brief colloquy occurred between court and counsel:

> MS. BEARNSON [prosecutor]: There may be one additional witness whose name was provided and who is not on the witness list. That is Kevin Patrick.
> THE COURT: Patrick?
> MR. BOOKER [defense counsel]: She has discussed that with me and we don't have any objection.
> THE COURT: Okay.

In response to direct examination, Patrick described himself as a "criminalist . . . who analyzes evidence as it pertains to criminal cases. My area of expertise is in serology where I identify physiological fluids to certain individuals." He stated that he had analyzed a rape kit of materials taken from Haycock and her clothes and that he found

"no seminal fluid" on any of the items in the kit. No objection was made to that testimony. He was then asked in what percentage of the cases "you have analyzed . . . is there a negative result." Again with no objection, he stated that in 60% of the cases he had analyzed "we don't have any position [sic] findings." He was then asked, based on his "training and expertise," what factors came into play regarding whether there will be a positive laboratory finding. His answer was "numerous factors."

It was at this point that defense counsel first objected to Patrick's testimony. After the jury was excused, considerable colloquy between court and counsel ensued concerning Patrick's proposed testimony. The upshot of this colloquy was that the district court would only allow Patrick's testimony insofar as it was based on his "personal experience." After the jury was called back into the courtroom, the prosecutor asked only a couple of additional questions of Patrick. Patrick was asked how many rape kits he had previously examined, and he said "over a 1,000." He then stated, in response to query, that about 60% of the rape kits that he had personally analyzed did not have a positive finding with regard to seminal fluid.

We find no reversible error in the district court's handling of Patrick. In the first place, counsel clearly indicated that he had no objection to the government calling Patrick as a witness even though his name was not on the list of witnesses. And there was no objection to Patrick's testimony until after he had stated that there was no evidence of seminal fluid in about 60% of the rape kits he had previously examined. (Just what this

proved, or disproved, is debatable.) We do not regard that Patrick was testifying as an expert witness. After the district court's ruling on the matter, Patrick's testimony was quite clearly based on, and limited to, the 1,000 analyses he had himself made of rape kits. All things considered, we find no reversible error in the district court's handling of Patrick.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge