**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4235**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

MICHAEL WILLIAM GABBARD,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00326-JAB-1)

———————————

Submitted: June 15, 2010          Decided: July 2, 2010

———————————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Allan Levin, COZEN O'CONNER, Atlanta, Georgia, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael William Gabbard appeals his conviction and sentence, following a jury trial, on charges of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(d) (2006) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Three); maintaining a residence for the purpose of manufacturing, distributing, and using a controlled substance, in violation of 21 U.S.C. § 856(a)(1), (b) (2006) (Count Four); and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g), 924 (2006) (Count Five). Gabbard pled guilty before trial to distribution of marijuana, also in violation of 21 U.S.C. § 841(a)(1), (b)(1)(d) (Count One). The district court sentenced Gabbard to 300 months in prison on Count Five; 120 months on Count One, to run concurrently with Count Five; 120 months on Count Two, to run concurrently with Counts One and Five; 240 months on Count Four, to run concurrently with Counts One, Two, and Five, and 60 months on Count Three, to run consecutively to Counts One, Two, Four, and Five, for a total sentence of 360 months. Gabbard challenges the convictions on Counts Two, Three, Four, and Five as not supported by sufficient evidence. For the reasons that follow, we affirm.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). This court reviews both direct and circumstantial evidence, and accords the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In reviewing for sufficiency of the evidence, this court does not review the credibility of the witnesses, and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

Gabbard's argument on appeal is that because he was not found in the trailer where the subject marijuana and firearms were found, the Government cannot satisfy the possession element of Counts Two, Three, and Five, and cannot

establish that he maintained a residence at the trailer to sustain his conviction on Count Four. He does not dispute the presence of marijuana or firearms in the trailer or challenge his previous felony conviction.

Possession may be actual or constructive. See United States v. Rusher, 966 F.2d 868, 879 (4th Cir. 1992). We have previously upheld findings of constructive possession in cases with facts similar to those in this case. See, e.g., United States v. Morrison, 991 F.2d 112 (4th Cir. 1993) (constructive possession where defendant resided in home that was used for manufacture and distribution of crack cocaine) (citing United States v. Lawson, 682 F.2d 1012, 1017 (D.C. Cir. 1982) (joint possession of the premises where drugs are in plain sight sufficient to find possession)); United States v. Davis, 562 F.2d 681, 685 (D.C. Cir. 1977) (defendant who lived on premises had constructive possession of drugs openly displayed).

Gabbard challenges the Government's contention that he lived in the trailer where the marijuana and firearms were found. He first asserts that absent some official documentation of Gabbard's residency (such as a lease or utility bill) the jury could not link him to the trailer, and that in addition, the lack of his fingerprints on the premises fatally undermines the Government's case against him. While it is true that evidence of a lease or utility bill in Gabbard's name, or

4

evidence of Gabbard's fingerprints at the premises, would have been persuasive, we have never held that the most persuasive evidence is necessary for a conviction. Here, officers found mail addressed to Gabbard at the trailer's mailing address, along with several of Gabbard's personal effects. In addition, a Government witness testified that he had purchased marijuana from Gabbard at the trailer between ten and fifteen times. Finally, a Government witness placed Gabbard at the trailer moments before the police executed the search warrant and discovered the contraband in the trailer. The jury could, and in fact did, reasonably find that Gabbard had constructive possession of the contents of the trailer.

Gabbard asserts that the Government's witness placing him in the trailer on the day of the police raid was mistaken. While conceding that this court does not judge the credibility of witnesses, Gabbard argues that under the "physical facts doctrine," we may ignore the witnesses' testimony. Gabbard's appeal to the physical facts doctrine is unavailing. To ignore a witness's testimony on "physical facts" grounds, the testimony must be "utterly at variance with well-established and universally recognized physical laws and therefore inherently impossible." United States v. Shipp, 409 F.2d 33, 37 (4th Cir. 1969) (quoting Travelers Indemnity Co. v. Parkersburg Iron & Steel Co., 70 F.2d 63 (4th Cir. 1934)). While it may

5

have been difficult to evade police on the day of the raid, Gabbard has not demonstrated that such an escape would have been "inherently impossible."

Viewing the evidence in the light most favorable to the Government, we conclude that a reasonable jury could determine that Gabbard lived at the trailer, and was present on May 19, 2005, and therefore had constructive possession of the marijuana and firearms found in the trailer on that date.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6