986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Warren Lamar EDNEY, Defendant-Appellant.
 No. 92-5007.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: February 17, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-49-P)
 James G. Middlebrooks, Smith, Helms, Mulliss & Moore, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Warren Lamar Edney was convicted by a jury of conspiracy to possess with intent to distribute more than five kilograms of cocaine (21 U.S.C.A. § 846 (West Supp. 1992)). He appeals his conviction and the sentence imposed. We affirm.
 
 
 2
 Witnesses for the government testified at Edney's trial that from 1987 to 1991 Terry Duncan supplied kilogram quantities of cocaine to Emery Bradley which Bradley cooked into crack, and that Edney worked for Bradley, who was his cousin. Edney personally received kilograms of cocaine from Duncan four or five times. He also made payments to Duncan, delivered drugs to Bradley's street sellers and collected money from them. Michael Lockhart, who also worked for Bradley, testified that he and Edney lived in Bradley's house for several months during 1990 and that when he moved out late in the year, Edney was still living there with his girlfriend and his children.
 
 
 3
 Bradley's house was searched by federal and state authorities in February 1991; Edney was in a bedroom of the house. Edney testified at his trial that he barely knew Bradley, was not involved with drugs, and spent only that one night in Bradley's house at the invitation of Florence Bradley, Emery's sister, after Edney had a dispute with his mother. Edney said Florence Bradley picked him up from work, and that he took nothing to Bradley's house except his lunch bag.
 
 
 4
 Agent Eric Blowers of the Federal Bureau of Investigation testified about the search of Bradley's house on rebuttal. In the bedroom occupied by Edney, male, female, and children's clothing was scattered about. On the dresser, a number of Edney's personal papers were found. Two related to court appearances in 1989 (government exhibits 4 and 5). There was also a photograph of Edney (government exhibit 6), and a 1989 Western Union money form transferring money from Edney to one of his girlfriends (government exhibit 8). Mixed with these papers were various documents concerning HAT Management, a company owned by Duncan, and Bradley Lawncare, Emery Bradley's company and Edney's employer (government exhibit 9).
 
 
 5
 Edney contends here that the district court should have excluded these exhibits because Agent Blowers did not personally retrieve them from the dresser. He also questions the chain of custody, and argues that the items were more prejudicial than probative. We find no abuse of discretion in the admission of the evidence. United States v. Howard-Arias, 679 F.2d 363 (4th Cir.), cert. denied, 459 U.S. 874 (1982). Blowers was the agent in charge of the execution of the search warrant. He took possession of all evidence seized except drugs and guns, and the items in question were maintained in the custody of the FBI until the trial. The presence of the items in the bedroom corroborated the testimony of government witness Lockhart and conflicted with Edney's own assertion that he was not living in Bradley's house at the time of the search.
 
 
 6
 After his conviction, Edney moved unsuccessfully for a new trial. He alleged erroneous admission of the exhibits previously discussed and, as an additional ground, that the verdict was against the weight of the evidence because the government's chief witnesses all had criminal records and failed to identify him as a conspirator until late in the investigation. In ruling on a motion for a new trial, the district court need not view the evidence in the light most favorable to the government, and it may consider the credibility of witnesses. United States v. Arrington, 757 F.2d 1484 (4th Cir. 1985). The district court carefully evaluated both of Edney's arguments before deciding that neither warranted a new trial. We find no abuse of discretion in its decision.
 
 
 7
 Finally, Edney maintains that the district court clearly erred in finding that it was reasonably foreseeable to him that Bradley's operation involved over fifteen kilograms of cocaine. Agent Blowers testified at the sentencing hearing that the government's estimate of the amount Bradley handled was in excess of thirty kilograms. Edney did not provide any evidence of what amount was foreseeable to him, but argued that it would be unfair for him to receive a higher sentence than more important participants who pled guilty and cooperated. We have no difficulty in affirming the sentence. A defendant must show that disputed information in the presentence report, or otherwise relevant to his sentence, is inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). Edney did not attempt to make such a showing.
 
 
 8
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED