UNITED STATES of America, Appellee,

v.

James E. ARRINGTON, Appellant.

No. 84–5129.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1985.

Decided March 21, 1985.

Barbara H. Fleisher, Charleston, W.Va. (Preiser & Wilson, Charleston, W.Va., on brief), for appellant.

Thomas J. Bondurant, Jr., Asst. U.S. Atty., Richmond, Va. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief), for appellee.

Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Appealing a judgment of conviction entered on the verdict of a jury, James E. Arrington assigns error to the district court's denial of his motion for a new trial. We affirm.

A jury convicted Arrington of aiding and abetting the receipt and sale of stolen construction equipment in violation of 18 U.S.C. § 2315. Arrington moved for judgment of acquittal under Fed.R.Crim.P. 29 and, in the alternative, for a new trial under Fed.R.Crim.P. 33. The trial court granted the motion to acquit on the ground that the evidence was insufficient to sustain a jury verdict, but it did not rule on the motion for a new trial. On appeal, this court found that there was substantial evidence, viewed in the light most favorable to the government, from which the jury could find Arrington guilty. It reversed the trial court and remanded the case "for reinstatement of the jury's verdict and further proceedings consistent with this opinion." *United States v. Arrington,* 719 F.2d 701, 706 (4th Cir.1983). On remand, the district court denied the motion for a new trial.

We cannot accept the government's contention that the district court did not have jurisdiction to consider the new trial motion on remand because it was limited to reinstating the jury's verdict. The motion for a new trial was timely filed but was rendered moot when the district court granted the judgment of acquittal. After reversal, the motion was no longer moot, and on remand the judge could rule on any pending postverdict motions. *United States v. Wilson,* 420 U.S. 332, 334, 353, 95 S.Ct. 1013, 1017, 1026, 43 L.Ed.2d 232 (1975); *United States v. Dixon,* 658 F.2d 181, 193 (3d Cir.1981). The district court therefore had jurisdiction to decide the motion for a new trial.

Rule 33 allows a district court to grant a new trial in the interest of justice. When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence. In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government. Thus, it may evaluate the credibility of the witnesses. When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial. *See Tibbs v. Florida,* 457 U.S. 31, 38 n. 11 and 44 n. 20, 102 S.Ct. 2211, 2216 n. 11 and 2220 n. 20, 72 L.Ed.2d 652 (1982); *United States v. Shipp,* 409 F.2d 33, 36–37 (4th Cir.1969); 3 Wright, Federal Practice and Procedure § 553 (1982).

The government acknowledges that most courts allow a trial judge to consider the credibility of witnesses in deciding motions for a new trial. It suggests, however, that there is a conflict in this circuit between *United States v. Johnson,* 487 F.2d 1278 (4th Cir.1973), and *United States v. Shipp,* 409 F.2d 33 (4th Cir.1969). This conflict is more apparent than real. In both cases, the appellate court made clear that the district court properly considered the credibility of the witnesses in denying the motion. *Shipp* pointed out that an appellate court ordinarily should not review a jury's determination of credibility. *Shipp,* however, recognized that the trial judge, who had the advantage of observing the witnesses, "is vested with broader power."

409 F.2d at 36.* *Johnson* did not purport to overrule *Shipp*. *Johnson*, therefore, must be read in conjunction with *Shipp*, and its reference to review of credibility should be limited to the appellate court. 487 F.2d at 1280.

 Nevertheless, the trial court's discretion should be exercised sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict. 3 Wright, Federal Practice and Procedure § 353 (1982). The denial of the motion will not be overturned unless the court has abused its discretion. *White v. United States*, 279 F.2d 740, 750 (4th Cir.1960).

Arrington argues that the district court's denial of a new trial is inconsistent with its earlier ruling granting the motion for acquittal that was overturned on appeal. This inconsistency, Arrington insists, demonstrates an abuse of the trial court's discretion. Arrington also contends that the district judge abused his discretion in denying a new trial because of statements he made at the sentencing hearing expressing disagreement with the jury's verdict and grave doubts about Arrington's guilt. He insists that the district court was under the misapprehension that it was bound to deny the motion for a new trial because of the reversal of the judgment of acquittal by the court of appeals.

 None of these arguments justifies reversal. A court may reach an apparently inconsistent result without committing error. Thus, even the grant of a new trial may be reconsidered before retrial and denied. *United States v. Spiegel*, 604 F.2d 961, 970–72 (5th Cir.1979); 3 Wright, Federal Practice and Procedure § 551 (1982). A judge's disagreement with the jury's verdict does not mandate a new trial. The record does not support the argument that the district court was under a misapprehension about his power to grant the motion.

In addition to rejecting the government's contentions about a lack of jurisdiction, the court recognized the distinction between the criteria for a judgment of acquittal and for a new trial.

 On remand from this court, the district judge conducted a hearing, reviewed all the evidence, and considered the arguments from both parties before concluding that "the interests of justice do not require a new trial." The judge did not abuse his discretion in denying the motion. Proof of Arrington's guilt did not rest wholly on the testimony of the witness whose credibility Arrington attacks.

AFFIRMED.

---

* *Shipp* defined the broad power of the trial judge in these terms:

> Even when there has been substantial evidence which required him to submit the case to the jury, he may in his discretion set the verdict aside and grant a new trial if he thinks the verdict is against the weight of the evidence, and it is his duty to do so if he is convinced that permitting the verdict to stand would result in a miscarriage of justice. The power exists in both civil and criminal cases. (footnote omitted) 409 F.2d at 36–37.