998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana JOHNSON, a/k/a Skillett, Defendant-Appellant.
 No. 92-5884.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 1, 1993.
Decided: July 16, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-92-110)
 William H. Martin, Charles Town, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Dana Johnson, a/k/a Skillett, appeals from his conviction for aiding and abetting distribution of crack cocaine within 1000 feet of a school. 21 U.S.C.A. §§ 841(a)(1), 860 (West 1981 & Supp. 1993); 18 U.S.C. § 2 (1988). Johnson contends that the trial court erred in excluding certain witness testimony, and in denying his motion for a new trial. We affirm.
 
 
 2
 Johnson contends that the district court erred by refusing to allow Cynthia Breeden, a certified court reporter, to testify at trial. Johnson sought to introduce Breeden's testimony to establish that a tape recording of the drug transaction, a portion of which the government played to the jury, was inaudible and incapable of transcription. The trial judge refused to allow the testimony and denied a motion for a new trial based on that refusal because the jury was able to listen to the tape and determine whether the content could be understood and the speakers identified. The district court concluded that Breeden's testimony should be excluded under Fed. R. Evid. 403 because its probative value was outweighed by the danger of confusion of the issues for the jury and the consideration of waste of time.
 
 
 3
 The exclusion of relevant evidence under Fed. R. Evid. 403 is a decision that rests within the sound discretion of the district court and will be disturbed only in exceptional circumstances showing abuse of discretion. United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). In this case, the district court did not abuse its discretion. Breeden's testimony would not have given the jury any information that it could not have ascertained by listening to the tape. Further, as the district court noted, Breeden would testify under the "guise" of an expert, which may have confused the jury. In light of the unnecessary nature of Breeden's testimony and the likelihood of confusion for the jury, the district court did not abuse its discretion in excluding her testimony. The fact that a local police officer, who had simultaneously monitored the recorded drug transaction, testified, without objection, to the identity of certain speakers on a discreet portion of the tape does not alter this conclusion.
 
 
 4
 Johnson's second contention is that the trial court erred when it denied his motion for a new trial based on insufficiency of the evidence. The district court may grant a new trial under Fed. R. Crim. P. 33 "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter the judgment." United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). The denial of a motion for a new trial will not be disturbed on appeal unless the trial court has abused its discretion. Id. at 1486.
 
 
 5
 Johnson's arguments on appeal challenge only the credibility of the witnesses rather than specifying any real lack of evidence on a particular element of the offense. On review of the sufficiency of the evidence to convict, this Court is bound by the credibility choices of the jury. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Johnson has not shown that the district court abused its discretion by denying his Rule 33 motion based on sufficiency of the evidence.
 
 
 6
 Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED