**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 94-5858

TONEY HEAD, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                      No. 94-5859
T. HEAD AND COMPANY,
INCORPORATED,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                    No. 94-5906

TONEY HEAD, JR.,
Defendant-Appellee.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                    No. 94-5907

TONEY HEAD, JR.,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-94-198)

Argued: September 29, 1995

Decided: February 12, 1996

Before HALL and NIEMEYER, Circuit Judges, and BEATY,
United States District Judge for the Middle District
of North Carolina, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Kenly Webster, Thomas Charles Hill, SHAW,
PITTMAN, POTTS & TROWBRIDGE, Washington, D.C., for
Appellants. Daniel Locke Bell, II, Assistant United States Attorney,
Vincent L. Gambale, Assistant United States Attorney, Alexandria,
Virginia, for Appellee. **ON BRIEF:** Michael J. McCue, SHAW,
PITTMAN, POTTS & TROWBRIDGE, Washington, D.C., for
Appellants. Helen F. Fahey, United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Toney Head, Jr. (Head) and T. Head & Co., Inc. (THI), a company owned and controlled by Head, were convicted on 41 counts of making false claims to the EPA, in violation of 18 U.S.C. § 287. They were found guilty of padding time records and inflating labor costs which they charged to a contract with the EPA. Head was sentenced to four months in a half-way house and four months home detention and ordered to pay $18,515 restitution. THI was fined $10,000.

In their appeal, Head and THI contend (1) that they were deprived of a fair trial because the district court allowed the jury to consider "highly prejudicial evidence related exclusively to invalidated or dismissed counts" and (2) that the district court erred in refusing to grant their motion for judgment of acquittal on counts 22 and 23 because of an insufficiency of evidence. In a cross-appeal, the government contends that the district court erred in rejecting sentencing enhancements for Head's role in the offense and his obstruction of justice.

For the reasons that follow, we affirm the convictions on counts 2 through 21 and 24 through 42; reverse the convictions on counts 22 and 23; and remand the case for resentencing.

I

Head and THI were indicted in 51 counts of improperly charging labor costs and indirect expenses to a consulting contract they were performing for the EPA. Count 1 charged the two defendants with conspiracy to defraud the government; counts 2 through 42 charged the defendants with padding time-sheets and making false claims for labor costs in violation of 18 U.S.C. § 287; counts 43 through 46 charged the defendants with making false statements in violation of 18 U.S.C. § 1001 and counts 47 through 51 charged the defendants with obstructing a federal audit in violation of 18 U.S.C. § 1516. Counts 43 through 51 detailed the defendants' alleged efforts to bill the EPA for indirect costs not properly chargeable to the contact, including a fur coat, jewelry, wedding expenses, personal meals, and

personal trips. Although the government voluntarily dismissed count 50 before trial, evidence on the remaining indirect cost counts (counts 43-49, 51) was presented to the jury. As part of its proof, the government introduced evidence relating to Head's "lavish lifestyle," the costs of which, the government contended, Head had improperly charged to the EPA. At the end of the government's case the district court dismissed, for lack of sufficient evidence, all charges relating to indirect costs except those relating to expenses submitted for personal trips. While the jury convicted Head and THI of all of the direct costs claims involving the submission of inflated labor costs, counts 2 through 42, it acquitted them of the conspiracy alleged in count 1 and of all remaining counts charging the improper submission for payment of indirect costs and expenses.

Head and THI filed a motion for a new trial, contending that the evidence presented by the government in connection with the dismissed counts and the counts on which they were acquitted spilled over and therefore unfairly prejudiced them with respect to the remaining direct cost counts involving inflated labor costs. The district court denied the motion, and this appeal followed.

Head and THI contend that the district court abused its discretion in denying their new trial motion, arguing that even though the district court gave a limiting instruction, such an instruction could not "have erased the taint of the highly prejudicial and inflammatory evidence on the indirect cost issues." In support of their position they rely mainly on United States v. Rooney, 37 F.3d 847, 855, (2d Cir 1994) ("When an appellate court reverses some but not all counts of a multi-count conviction, the court must determine if prejudicial spillover from evidence introduced in support of the reversed count requires the remaining convictions to be upset.").

The issue of whether to grant a new trial is firmly committed to the discretion of the trial court. See Fed. R. Crim. P. 33; Hawkins v. United States, 244 F.2d 854, 856 (4th Cir. 1957). Accordingly, we review the district court's decision for abuse of that discretion. See United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985).

In denying the motion for a new trial, the district court carefully considered the argument about the spillover effect and found that the

4

jury was able to separate the evidence and properly evaluate it in connection with the count to which the evidence was relevant. The district judge stated,

> I am satisfied again, the way the verdict . . . came in, [the jury] had no problem . . . parsing out the indirect from the direct costs. That's what they focused on. They didn't find the two trips. And as I said, I think the evidence on the two trips was solidly there. But I am denying the motion, and we will go forward with the sentencing as scheduled.

The district judge was personally able to observe the tone and tenor of the proceedings, and our review of the record satisfies us that the court did not abuse its discretion. This case is unlike Rooney, on which Head and THI rely, where the court could not make the findings that the district court made in this case that the jury was able to distinguish the counts. Moreover, in Rooney the district court did not have the opportunity to instruct the jury on how to deal with multiple counts.

Head argues that the district court exacerbated the prejudice resulting from evidence of his "lavish lifestyle" because it failed to instruct the jury unequivocally that it was not permitted to consider evidence pertaining to the dismissed counts. In instructing the jury, the court explained, "The essence of your focus is going to be on whether or not the direct labor costs [and the two personal trip expenditures] were fraudulently or falsely presented to the Government . . . . Some of the other expenditures that you heard a lot about are no longer a part of this case, and you need not focus your attention or be concerned about them." Head and THI complain essentially that these instructions were not sufficiently clear. We note, however, that the jury acquitted Head and THI on all claims that they were improperly charging the EPA for the costs of Head's lavish lifestyle. We also note that the jury's verdict as a whole is not inconsistent with the court's instruction that the jury need not consider evidence pertaining to charges that had been dropped from the case. While the formulation of the instruction to which the defendants object may not have perfectly matched their conception of the case, our review of the record as a whole satisfies us that the jury was adequately instructed.

5

See generally United States v. Lowe, 65 F.3d 1137, 1146 (4th Cir. 1995).

Finally, we must point out that the record contains no evidence of bad faith on the part of the government in charging Head and THI in one indictment and in presenting evidence on all counts submitted to the jury. Federal Rule of Criminal Procedure 8 allows the government to charge in a single indictment, "[t]wo or more offenses . . . based on . . . two or more acts or transactions . . . constituting parts of a common scheme or plan." All of the government's allegations related to a single contractual relationship between the defendant and the EPA. Moreover, the indirect cost counts were not frivolous. In denying the defendant's motion for a new trial, the district court observed:

> The two remaining indirect cost counts that I left in involving the two trips, I have to tell you, if it were a bench trial, I would have found your client guilty. I think the evidence was solid on those two counts.

We conclude that the district court did not abuse its discretion in refusing to grant a new trial.

II

Head also argues that the evidence was insufficient to support the jury's verdict on counts 22 and 23. The government agrees. In its brief, it states, "To cut to the chase, our review of the record shows that this argument has merit, and we agree that the trial evidence was too thin to sustain the convictions on counts 22 and 23."

Our review of the record supports the position taken by the parties. Accordingly, the convictions on counts 22 and 23 must be reversed. On remand, we direct the district court to enter judgment of acquittal on those counts and to make the necessary adjustments in the sentences of both Head and THI.

III

On its cross-appeal, the government contends that the district court improperly refused to enhance Head's sentence for his role in the

6

offense and for obstruction of justice. We review the district court's findings of fact for clear error, see United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 838 (1990), but examine its interpretation of the Sentencing Guidelines de novo, see United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).

The Pre-Sentence Report noted that Head "directed at least four people to falsify their time sheets so that THI received payment from EPA that it had not earned. The testimony indicates that only Mr. Head and his company stood to gain from this action, and that none of the employees . . . received any financial reward." The report recommended a four-level enhancement on the ground that Head was an organizer or leader of a criminal activity involving five or more participants. See U.S.S.G. § 3B1.1(a).

The district court rejected the recommendation of the Pre-Sentence Report, apparently concluding that such an enhancement was not available when only one defendant was involved. As the district judge stated, "This case involves one and only one defendant, Mr. Head. And I don't find, therefore, that in this particular case an enhancement of this sort or adjustment of this sort is appropriate."

We conclude that the district court erred in refusing to consider an enhancement for Head's role in the offense on the basis that only one defendant was involved. The enhancement is based not on the number of defendants in the case but on whether the defendant was an organizer or leader of an activity that involved "five or more participants." A "participant" need not be named as a defendant and often is not. See United States v. Fells, 920 F.2d 1179, 1182-83 (4th Cir. 1990) (17 unidentified "lower level distributors" used by the defendant to market illegal drugs were properly considered "participants" for purposes of U.S.S.G § 3B1.1(a)), cert. denied, 501 U.S. 1219 (1991); United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993) (presence of unidentified participants in drug operation supports enhancement). Accordingly, we vacate Head's sentence and instruct the district court to consider Head's role in the offense under the appropriate legal standard.

Addressing the government's claim that the district court erred in enhancing Head's sentence for obstruction of justice, we note that an

7

enhancement for obstruction of justice is not required every time a defendant testifies on his own behalf and is convicted. <u>See United States v. Smith</u>, 62 F.3d 641, 647 n.3 (4th Cir. 1995). In this case the district court found that "[t]here is certainly some dispute between the defendant's version of what happened and the witness's version of what happened. And the jury chose, as is their right, to make a credibility finding." The court indicated, however, that it was unwilling to find that the defendant committed perjury and thereby obstructed justice. We cannot conclude that the court's finding in this regard is clearly erroneous.

IV

In sum, we affirm the convictions on counts 2 through 21 and 24 through 42; we reverse the convictions on counts 22 and 23; and we remand this case to the district court for resentencing to take into account the reversed counts and to consider, under the appropriate standard, Head's role in the offense.

<u>AFFIRMED IN PART, REVERSED IN PART, AND REMANDED</u>