UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4639

ANGELA LATRELL WATKINS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4658

CRAIG ALAN WATKINS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-97-6)

Submitted: July 28, 1998

Decided: August 13, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew M. Sacks, SACKS & SACKS, Norfolk, Virginia; Robert B. Rae, RAE, FORBES, & HALL, P.C., Virginia Beach, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Timothy MacDonnell, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Angela Latrell Watkins ("Angela") appeals her jury conviction of felony child abuse in violation of Va. Code Ann. § 18.2-371.1 (Michie 1996), as assimilated by 18 U.S.C. § 13 (1994) (No. 97-4639), and her husband, Craig Alan Watkins ("Craig"), appeals his jury conviction of misdemeanor simple assault in violation of 18 U.S.C.A. § 113(a)(5) (West Supp. 1998). Because we find no error in these convictions, we affirm.

In April 1996, a military magistrate granted Army criminal investigators permission to search the home shared by Craig, then a staff sergeant in the Army, his wife Angela, and Angela's six-year-old son Alex McLeod ("McLeod") at Fort Eustis, Virginia. The basis for the search was evidence of abuse of McLeod obtained during an interview and physical examination of him by Army personnel after he complained to his schoolteacher that he had "a sore rear end." The investigators expected the search to reveal various implements used to beat McLeod, including a device capable of inflicting a loop-shaped wound.

During both the original search and a second search after reauthorization by the military magistrate, investigators obtained several

2

wooden "sticks," as well as a curling iron cord, all of which, according to McLeod's statements to Army personnel, had been used by Craig and Angela to beat him. Based on this evidence, McLeod's statements, and the evidence obtained from physical examinations, Army prosecutors filed charges against Craig and Angela. In January 1997, a federal grand jury in Newport News, Virginia, indicted both Craig and Angela with one count of assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), and Angela with one count of felony child abuse in violation of Va. Code Ann.§ 18.2-371.1, as assimilated by 18 U.S.C. § 13.

Both Angela and Craig filed various pre-trial motions. Relevant to this appeal, each filed motions to suppress evidence obtained during searches of their home on the ground that those searches were improperly authorized. The district court denied both motions.

At trial, the court heard extensive testimony regarding the allegations of abuse, and the jury found Angela not guilty of assault with a dangerous weapon but guilty of felony child abuse and Craig not guilty of assault with a dangerous weapon but guilty of misdemeanor simple assault. Both Angela and Craig subsequently filed motions for acquittal, which the district court denied in separate memorandum opinions. The court sentenced Angela to five years probation, 180 days of electronic monitoring, and required her to pay a fine; the court sentenced Craig to one to three years of probation, 180 days of electronic monitoring, and required him to pay a fine. Both Angela and Craig appealed, and their appeals were consolidated. Angela and Craig raise six arguments: three pertaining to Angela only; two pertaining to Craig only; and one pertaining to both Angela and Craig. We consider each in turn.

Angela asserts three arguments regarding her conviction for felony child abuse. First, like Craig, Angela argues that the evidence presented at trial was insufficient to support her conviction. Second, Angela contends that she should be given a new trial because the prosecution "constructively amended"[1] the indictment against her during the trial. Third, Angela argues that the jury's verdict was "an

_____

[1] Appellant's Br. at 3.

inconsistent verdict which cannot stand."[2] We disagree with all three arguments.

With regard to Angela's sufficiency claim, we must sustain a jury verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it."[3] We are satisfied that, based on the evidence presented, a reasonable jury could have found that Angela committed felony child abuse when the evidence is considered in the light most favorable to the prosecution. There was sufficient evidence that McLeod had been abused. Further, Craig testified that the wounds on McLeod were the result of beatings by Angela,[4] and McLeod himself testified that Angela beat him with "sticks,"[5] and the curling iron cord.[6]

In addition, we disagree with Angela's argument that Va. Code Ann. § 18.2-371.1 requires, or the indictment against her alleged, a pattern of willful acts or omissions amounting to abuse. The statute requires only a "willful act or omission in the care of [a] child [that] was so gross, wanton and culpable as to show a reckless disregard for human life."[7] As we find the evidence supports the jury's verdict that Angela committed acts contemplated by this statute, we refuse to disturb her conviction on this ground.

Next, Angela asserts that the trial court erred in not granting her a new trial on the ground that the prosecution "constructively amended" its indictment against her during trial. Angela bases this argument on her contention that the prosecution originally focused its case of abuse on alleged acts of abuse by Angela, only to shift that focus to alleged omissions of parental duty by Angela at the end of trial. We review the district court's denial of a new trial for abuse of discretion,[8] and find none.

_____

**2 Id.**
**3 Glasser v. United States**, 315 U.S. 60, 80 (1942).
**4** J.A. at 567.
**5 Id.** at 241.
**6 Id.** at 245.
**7** Va. Code Ann. § 18.2-371.1 (Michie 1996).
**8 See United States v. Arrington** , 757 F.2d 1484, 1486 (4th Cir. 1985).

4

As Angela herself concedes,[9] "constructive amendment" in violation of the grand jury clause of the Fifth Amendment occurs only when the prosecution or the court broadens the possible grounds of conviction from those asserted in the indictment.[10] Here, the portion of the indictment referring to Angela clearly cited both "culpable acts and omissions" in violation of the relevant statute.[11] We are satisfied that this allegation encompassed the specific acts for which Angela was convicted.

Thus, we fail to see how the shift in focus alleged by Angela constituted a "constructive amendment" of the indictment. As both "acts and omissions" were mentioned in the indictment, the court was within its discretion in determining that no "constructive amendment" took place, and therefore did not abuse that discretion in denying Angela's motion for a new trial. Accordingly, we decline to grant Angela a new trial on this ground.

We are also unpersuaded by Angela's argument that the verdict in the district court was inconsistent and thus invalid. Angela bases this argument on her contention that, as she was found not guilty of assault with a deadly weapon, she could not have been guilty of felony child abuse.

However, we are satisfied that assault with a deadly weapon, or even simple assault, is not a sine qua non for the crime of child abuse under the Virginia statute. Rather, the conduct prohibited by § 18.2-371.1 does not appear to require an assault. In fact, Virginia has a separate statute that prohibits assault and battery against a family or household member.[12] In addition, we are also mindful that there is no categorical requirement that jury verdicts must be consistent in order to be upheld.[13] Therefore, we decline to grant Angela a new trial on this ground.

---

[9] Appellant's Br. at 23.
[10] **United States v. Williams**, 106 F.3d 1173, 1176 (4th Cir.) (citing United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994)), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3257 (U.S. Oct. 6, 1997) (No. 96-9412).
[11] J.A. at 22.
[12] **See VA. CODE ANN. § 18.2-57.2 (Michie 1996).**
[13] **See United States v. Powell**, 469 U.S. 57, 65 (1984).

5

The two arguments that regard Craig are substantively the same. First, Craig asserts that there was insufficient evidence presented at trial to convict him of simple assault. Second, Craig asserts that the court erred in denying his motion for judgment of acquittal. In reviewing a challenge to the sufficiency of the evidence to support a conviction, we must assess whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Moreover, the evidence is construed in the light most favorable to the Government. See id.

We are satisfied that there is ample evidence from which, when construed in the light most favorable to the Government, the jury could have reasonably concluded Craig committed simple assault against McLeod. Two physicians who examined McLeod testified that he had been physically abused. A qualified expert in child abuse testified that, based on his examination of photographs of McLeod, he was of the opinion that McLeod had been abused. [14] McLeod himself testified as to abuse at the hands of Craig,[15] and photos of McLeod's injuries and the items obtained during the search of Craig's home were admitted into evidence.

Therefore, we find the evidence sufficient to support the jury verdict. We find no error in the district court's denial of Craig's motion for judgment of acquittal. Accordingly, we will not disturb Craig's conviction on these grounds.

Finally, both Craig and Angela contend the court erred in denying their motions to suppress evidence obtained during the two searches of their home by Army criminal investigators. Specifically, they assert it was error for the military magistrate to authorize the searches without a sworn affidavit regarding the existence of probable cause. We disagree.

As the Supreme Court has held on a number of occasions, congres-
_____

[14] See J.A. at 399-410.

[15] Id. at 241-44.

6

sional action regarding the administration of the armed forces is entitled to the greatest deference, even when it seems to conflict with well-established rights under the Constitution. [16] Here, Craig and Angela's argument challenges 10 U.S.C. § 836 (1994) and Military R. Evid. 315, which allow the determination of probable cause by a military commander, military judge, or military magistrate on various grounds without the requirement of a sworn statement by the applicant for the search authorization. Such searches are valid under military law and are not unreasonable under the Constitution.[17]

Therefore, we find no error in the district court's conclusion that the authorization for the searches in question did not violate the Fourth Amendment. Accordingly, we affirm the district court's denial of Craig and Angela's motions to suppress the evidence seized in the searches.

Based on the foregoing, we affirm both convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____

[16] **See, e.g.**, Goldman v. Weinberger, 475 U.S. 503, 507 (1986).
[17] **See United States v. Chapman** , 954 F.2d 1352, 1369 (7th Cir. 1992); United States v. Grisby, 335 F.2d 652, 656 (4th Cir. 1964).

7