**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 97-6517

BARRY EARL WILLIAMS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-95-101-2)

Argued: September 24, 1998

Decided: November 12, 1998

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Laura Lynne Wagner, WAGNER & WAGNER, Rich-
mond, Virginia, for Appellant. Janet S. Reincke, Assistant United
States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Helen
F. Fahey, United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Barry Williams appeals the denial of his motion for a new trial, made several months after his conviction and sentence, on the ground of newly discovered evidence. Because we believe that the district court did not err in declining to appoint counsel for Williams, refusing to hold a hearing on the motion, or denying the motion, we affirm.

I.

On November 15, 1995, Williams was found guilty by a jury on the charge of being a felon in possession of a firearm. Judgment was imposed on February 27, 1996, and Williams appealed both his conviction and sentence on March 4, 1996. While his direct appeal was pending in this court, Williams filed (on June 7, 1996) a motion in district court for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. His motion alleged, among other things, that he had newly discovered evidence that one of the jurors in his case was biased and that the jury misunderstood the judge's instructions.

The district court denied the motion, believing it lacked jurisdiction because Williams's direct appeal was pending before this court. Williams then appealed the denial of the new trial motion, and we consolidated that appeal with the direct appeal. We affirmed Williams's conviction and sentence. However, we vacated the order denying the Rule 33 motion and "remand[ed] for consideration of the motion as one . . . before the district court with no appeal pending." See United States v. Williams, No. 96-4222, slip op. at 4 (4th Cir. Mar. 13, 1997).[1] On remand the district court denied Williams's motion for a new trial, along with his requests for a hearing and for appointed counsel to represent him in the proceedings. Williams now appeals that order.

_____

[1] We noted that "[a]lthough Williams's direct appeal was pending in this court, the district court had jurisdiction to entertain the [new trial] motion and either deny the motion on the merits or certify to this court its intention to grant the motion." Williams , No. 96-4222, slip op. at 4.

2

II.

Williams first argues that the district court erred in refusing to appoint counsel for him on his new trial motion. Under the Sixth Amendment a defendant has a right to counsel at trial and during all other "critical stages" of the process. See, e.g., Michigan v. Jackson, 475 U.S. 625, 629-630 (1986); Maine v. Moulton , 474 U.S. 159, 170 (1985). Williams contends that a new trial motion under Rule 33 of the Federal Rules of Criminal Procedure is a critical stage of the proceedings for Sixth Amendment purposes.

Determining whether counsel is required rests on a "pragmatic assessment of the usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel." Patterson v. Illinois, 487 U.S. 285, 298 (1988). Of course, the right to counsel extends only through a defendant's first appeal as of right. A defendant is not entitled to counsel to aid in collateral review of his conviction. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (asserting that "the right to appointed counsel extends to the first appeal of right, and no further"); see also Murray v. Giarratano, 492 U.S. 1, 10 (1989) (applying Finley's holding to collateral review in capital cases).

The exact nature of Williams's new trial motion is important. Once seven days have passed after the verdict, Rule 33 limits a new trial motion to one ground, newly discovered evidence:

> A motion for new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment . . . . A motion for new trial based on any other grounds shall be made within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Williams filed his motion in June 1996, seven months after his verdict and three months after his direct appeal was noticed. Therefore, his motion could be based only on the ground of newly discovered evidence.

3

We conclude that Williams did not have a right to counsel on his Rule 33 motion, particularly because of the nature and timing of the motion.

First, when Williams made his Rule 33 motion, the time for filing a broad-based motion for a new trial had passed. Indeed, he had already filed his appeal. Thus, the motion was not necessary to preserve or sharpen issues for appeal. Nor was it made for the purpose of giving the trial judge an opportunity to correct errors in order to avoid a direct appeal. The fact that Williams's motion had no bearing on his right to appeal cuts significantly against his argument that he needed counsel to press the motion.

Second, as we have noted, the right to counsel extends only through the first appeal as of right, and it does not extend to collateral review. At the time Williams's new trial motion was heard, his direct appeal had been decided and his conviction and sentence had been affirmed. Williams's motion, then, was more akin to a collateral proceeding and was not part of any critical process leading from trial to direct appeal.

Third, Williams has not demonstrated that he had a critical need for a lawyer to assist him with this particular Rule 33 motion. Williams was able, on his own, to discover and write down for the district court the new facts he believed entitled him to another trial. These facts, which relate solely to jury deliberations, have been taken as true, and they are either without legal consequence or inadmissible. See part III, infra. In this situation, we cannot say that it was dangerous for Williams to be proceeding without counsel.

For these reasons, we hold that Williams did not have a right to counsel on his motion for a new trial, made more than seven days after his verdict, on the grounds of newly discovered evidence.**2**

_____

**2** We leave open the question whether there is a Sixth Amendment right to counsel on a Rule 33 motion made within seven days after the verdict or finding of guilt.

4

III.

We find Williams's other arguments to be without merit. Williams contends that the district court erred in refusing to grant a hearing on his motion for new trial, particularly on the question of juror bias. A district court, however, has broad discretion to decide whether to hold a hearing. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Here, Williams's claim was supported only by one juror's affidavit alleging that another juror started the deliberations by saying he believed Williams was guilty. The district court correctly noted that "[e]xpressing a belief about the defendant's guilt or innocence is exactly what a juror should do during deliberations, and such an expression does not mark the juror as impermissibly impartial." Given the clear nature of the issue, the district court did not abuse its discretion in denying a hearing.

Williams also argues that the district court erred in denying his new trial motion because, he contends, the jury did not follow the court's instruction on what constituted "possession" of the firearm. Williams offered the affidavit of a juror who said the jury believed it could find Williams guilty "because he was around the firearm, by driving the car." Again, we review the district court's ruling for abuse of discretion. See United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985).

There are several problems with Williams's argument. First, even if the information in this affidavit could be construed as "newly discovered evidence," it is off limits because it deals with the jury's mental processes and deliberations. A juror may not impeach his own verdict by testifying or offering an affidavit about the jury's internal deliberations. See McDonald v. Pless, 238 U.S. 264, 267 (1915); Fed. R. Evid. 606(b) ("a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations"). Thus, the juror's affidavit about deliberations is inadmissible. Second, in no event would Williams's evidence have met the five-factor test for a new trial based on newly discovered evidence. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). Under Chavis a defendant must show that the evidence (1) is new, (2) could not have been obtained earlier with due diligence, (3) is not merely cumulative, (4) is material to the relevant issues, and (5) is likely to result in an

5

acquittal at a new trial. Id. We agree with the district court that Williams could not meet this test.**3**

The order of the district court is

AFFIRMED.

_____
**3** The rest of Williams's new trial arguments were time barred.