**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 01-4366

SAUL VINCENTE RAMIREZ,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-00-378-A)

Submitted: February 27, 2002

Decided: March 12, 2002

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Douglas A. Steinberg, LAW OFFICE OF GWENA KAY TIBBITS, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Cheryl L. Evans, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Saul Vincente Ramirez appeals his conviction by a jury of one count of knowingly and unlawfully making a false statement in an application for asylum in the United States. We affirm.

Ramirez first contends that the district court erred in denying his motion for a new trial. Ramirez claims he was prejudiced by the testimony of an INS agent who, in violation of a consent agreement between the parties, testified that Ramirez's Canadian asylum documents originated with the Ontario War Crimes Unit. We have conducted a review of the record and find no abuse of discretion in the district court's decision to deny the motion. *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985); Fed. R. Crim. P. 33.

Next, Ramirez argues that the district court erred in rejecting his proposed jury instruction on "materiality" in favor of that of the Government. Again, after reviewing the instructions at issue and the record, we conclude that the district court did not abuse its discretion in declining to utilize the instruction offered by Ramirez. *United States v. Hassouneh*, 199 F.3d 175, 181 (4th Cir. 2000); *see Kungys v. United States*, 485 U.S. 759, 770-72 (1988).

Ramirez also takes issue with the district court's decision to exclude his expert witness from testifying that Immigration and Naturalization Service regulations required that Government witness Harold Montes be either a licensed attorney or a member of a certified non-profit organization in order to have assisted Ramirez with his asylum application. Upon our review, we conclude that the exclusion of the witness did not amount to an abuse of discretion. *Hassouneh*, 199 F.3d at 182; *see United States v. Wilson*, 133 F.3d 251, 265 (4th Cir. 1997) (citing *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986)).

Finally, Ramirez argues that the district court abused its discretion when it denied his motion in limine requesting that Government Exhibit 2, Ramirez's U.S. asylum application, be redacted to remove

two responses to questions about Ramirez's previous address because the responses appear false and thus constitute evidence of unidicted acts that may be crimes. We find no abuse of discretion in the denial of the motion in limine. *See* Fed. R. Evid. 404(b); *United States v. Van Metre*, 150 F.3d 339, 349-50 (4th Cir. 1998); *United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994); *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991).

We accordingly affirm Ramirez's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*