**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4244

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL PATTERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-99-165-10-V)

Submitted: July 8, 2005                     Decided: August 9, 2005

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Jennifer Marie Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darryl Patterson appeals from his conviction for conspiracy to possess with intent to distribute crack cocaine and the 360-month sentence imposed. He challenges the sufficiency of the evidence of a single, rather than multiple, conspiracies, and the sufficiency of the evidence that he remained a member of the conspiracy despite his incarceration for part of the time. Patterson also contends that the district court committed plain error by not instructing the jury about the five-year limitations period and abused its discretion in denying his motion for a new trial. Patterson also challenges the application of the murder cross-reference in determining his sentence and asserts that the district court erred in determining the extent of the downward departure awarded. For the reasons that follow, we affirm Patterson's conviction but vacate his sentence and remand for resentencing.

Viewing the evidence in the light most favorable to the government, we find that the evidence was sufficient for the jury to find that Patterson was a member of a single conspiracy and that he remained a member of the conspiracy after his incarceration. See Glasser v. United States, 315 U.S. 60, 80 (1942) (providing standard); United States v. Crockett, 813 F.2d 1310, 1317 (4th cir. 1987). Resolving all reasonable inferences in favor of the government, see United States v. Reavis, 48 F.3d 763, 771 (4th Cir.

1995), we also find that Patterson failed to make a sufficient showing that he "acted to defeat or disavow the purposes of the conspiracy." United States v. Barsanti, 943 F.2d 428, 437 (4th Cir. 1991). Thus, he is presumed to have continued his membership in the conspiracy. See United States v. West, 877 F.2d 281, 289-90 & n.4 (4th Cir. 1989).

Patterson next contends that the district court erred in denying his motion for a new trial based on: (1) the admission of evidence of unrelated drug deals and murders; (2) a newspaper article mentioning Patterson's prior convictions that was published during the trial; and (3) the weight of the evidence of multiple, rather than a single, conspiracy. We find no abuse of discretion in the district court's ruling. See United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1995) (providing standard); United States v. Francisco, 35 F.3d 116, 119 (4th Cir. 1994) (discussing presumption that jury follows instructions given); Crockett, 813 F.2d at 1317 (discussing factors to consider in finding single or multiple conspiracies).

Patterson also asserts that the district court plainly erred by not instructing the jury on the five-year limitations period. See 18 U.S.C.A. § 3282 (West Supp. 2005); United States v. Matzkin, 14 F.3d 1014, 1017-18 (4th Cir. 1994) (reviewing for plain error the omission of jury instruction on statute of limitations raised for first time on appeal). We find that Patterson waived

- 3 -

this defense by not asserting it at trial.  See Matzkin, 14 F.3d at 1017 ("The statute of limitations [] is not jurisdictional.  It is an affirmative defense that may be waived.").  Additionally, because there was sufficient evidence that Patterson engaged in conduct in furtherance of the conspiracy within five years prior to the date of the indictment, we find no plain error in the court's failure to sua sponte instruct the jury on the statute of limitations.  See Glasser, 315 U.S. at 80; West, 877 F.2d at 289-90 & n.4; Barsanti, 943 F.2d at 437.

Citing United States v. Booker, 125 S. Ct. 738 (2005), Smith argues his sentence is unconstitutional because it was based on facts that were neither charged in the indictment nor found by the jury beyond a reasonable doubt.  The jury found Patterson guilty of the drug conspiracy charge and also found that Patterson was accountable for "50 grams or more of cocaine base."  Based on these findings alone, Patterson's offense level was 32 and his guideline sentencing range was 168 to 210 months imprisonment.  See U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A (Sentencing Table) (2000).

However, the court applied the cross-reference in USSG § 2D1.1(d)(1) to USSG § 2A1.1 (First Degree Murder), upon its finding that Andre "Cadillac" Nelson was killed during an act in furtherance of the conspiracy.  This finding increased Patterson's offense level to 43 and the Sentencing Guidelines prescribed a

sentence of life imprisonment.  The district court then departed downward two levels, finding that Nelson was not killed intentionally and Patterson was not the one who shot Nelson.  See USSG § 2A1.1, comment. (n.1).  Patterson's sentencing range was 360 months to life imprisonment.  The court sentenced Patterson to 360 months.

In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme—which provides for sentencing enhancements based on facts found by the court—violated the Sixth Amendment.  125 S. Ct. at 746.  The Court remedied the constitutional violation by making the guidelines advisory.  Id. at 746, 756-57.  In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court held that a sentence enhanced based on facts found by the court, rather than upon facts found by the jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal.  Id. at 547-48.

In light of Booker and Hughes, we find that the district court erred in imposing a sentence under the federal sentencing guidelines as they existed prior to Booker.[1]  Accordingly, we

---

[1]As we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Patterson's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

vacate Patterson's sentence and remand for resentencing consistent with Booker and its progeny.[2]  See id. at 546 (citing Booker 125 S. Ct. at 764-65, 767 (Breyer, J., opinion of the Court)).

On remand, the district court may again find that the murder cross-reference applies and again be asked to depart downward from offense level 43.  Therefore, we will now address Patterson's challenge to the district court's determination of the extent of the departure.  Application Note 1 to USSG § 2A1.1 provides:  "If the defendant did not cause the death intentionally or knowingly, a downward departure may be warranted."  USSG § 2A1.1, comment. (n.1).  In determining the extent of the departure, the Guidelines instruct that the court should consider "the defendant's state of mind (e.g., recklessness or negligence), the degree of risk inherent in the conduct, and the nature of the underlying offense conduct."  Id.  The Note limits the extent of the departure to not below the offense level for second degree murder (level 33) or below the level determined without application

---

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 547.

of the cross-reference.  <u>Id.</u>  Here, the district court appropriately considered the relevant factors and departed downward by two levels.  Although the court referenced the departure allowed for a minor role in an offense, the court clearly did not confuse the applicable standards, as Patterson contends it did.

In conclusion, although we affirm Patterson's conviction, we vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br><u>VACATED IN PART, AND REMANDED</u>