**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4144

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MADANI ILARA TEJAN, a/k/a Malik, a/k/a Mylik, a/k/a Dani,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:21-cr-00101-DKC-1)

Submitted:  November 12, 2025                    Decided:  December 22, 2025

Before NIEMEYER, KING, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.  Brent S. Wible, Principal Deputy Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Katherine Twomey Allen, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erek L. Barron, United States Attorney, David Bornstein, Assistant United States Attorney, Gerald Collins, Assistant United States Attorney, Kelly Hates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandani Ilara Tejan appeals his convictions following a jury trial.  A federal jury convicted Tejan of conspiracy to distribute fentanyl and marijuana, in violation of 21 U.S.C. § 846; possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery); and use of a firearm in the furtherance of Hobbs Act robbery resulting in murder, in violation of 18 U.S.C. § 924(c), (j).  On appeal, Tejan argues that, (1) the district court erred in denying Tejan's request for a *Franks*[1] hearing; (2) the district court erred in denying Tejan's motion to suppress statements he made while in custody; (3)  the district court erred in admitting a deceased witness's hearsay statements into evidence under Fed. R. Evid. 804(b)(6); (4) the district court erred in instructing the jury that aiding and abetting applies to first degree murder in response to a jury question; (5) the district court erred in failing to provide the jury Tejan's requested jury instruction about buyer-seller relationships; and (6) the district court erred in denying Tejan's motion for a new trial;.  We affirm.

Tejan argues that the court erred in denying his motion for a *Franks* hearing.  We "review legal determinations underlying the denial of [a] *Franks* hearing de novo, while the court's related factual findings are reviewed for clear error." *United States v. Sanders*, 107 F.4th 234, 252 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1434 (2025).  "To obtain a *Franks* hearing, the defendant must make a substantial preliminary showing that the affiant

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

2

made (1) a false statement (2) knowingly and intentionally, or with reckless disregard for the truth that was (3) necessary to the finding of probable cause." *Id*. (citation modified). The defendant bears a heavy burden to obtain a *Franks* hearing. *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (citation modified). The affidavit supporting a search warrant is afforded a "presumption of validity." *United States v. Haas*, 986 F.3d 467, 474 (4th Cir. 2021). And we have held "that reckless disregard in the *Franks* context requires a showing that the affiant personally recognized the risk of making the affidavit misleading." *United States v. Pulley*, 987 F.3d 370, 377 (4th Cir. 2021). We conclude that the district court correctly found that Tejan did not make the necessary showing to obtain a *Franks* hearing.

Tejan next challenges the denial of his suppression motion. "The Fifth Amendment provides that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019) (quoting U.S. Const., amend. V). "And the Supreme Court has mandated the use of procedural measures to ensure that defendants, when subjected to custodial interrogations, are advised of their Fifth Amendment rights." *Id*. "[U]nless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda*[2] and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." *Id*. "Coercive police activity is a necessary finding for a confession or a *Miranda* waiver to be considered involuntary." *United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1996).

3

"However, before the *Miranda* rights attach, there must be custodial interrogation." *United States v. D'Anjou*, 16 F.3d 604, 608 (4th Cir. 1994). We define interrogation as "express questioning or its functional equivalent, which includes any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* (citation modified). Thus, there is an exception "for routine booking questions securing biographical data necessary to complete booking or pretrial services." *Id.* (citation modified).

"In assessing a district court's decision on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lewis*, 606 F.3d 193, 197 (4th Cir. 2010). We thus defer to the district court on "findings about the circumstances surrounding the interrogation," but review de novo "whether those circumstances create a custodial situation requiring *Miranda* warnings." *United States v. Sullivan*, 138 F.3d 126, 131 (4th Cir. 1998); *see Thompson v. Keohane*, 516 U.S. 99, 112-13 (1995). "When a district court has denied a suppression motion, we view the evidence in the light most favorable to the government." *United States v. Palmer*, 820 F.3d 640, 648 (4th Cir. 2016). We give "substantial deference on the question of what constitutes interrogation," since trial courts "can best evaluate the circumstances in which such statements are made and detect their coercive aspects." *United States v. Payne*, 954 F.2d 199, 203 (4th Cir. 1992).

When a district court errs in denying a motion to suppress, that error still may be harmless. "In assessing whether a constitutional error was harmless, we determine whether

the admission of the statement[s] at issue was harmless beyond a reasonable doubt, such that it is clear that a rational fact finder would have found the defendant guilty absent the error." *United States v. Watson*, 703 F.3d 684, 698 (4th Cir. 2013) (citation modified). "The test . . . is not whether laying aside the erroneously admitted evidence there was other evidence sufficient to convict beyond a reasonable doubt . . . , but, more stringently, whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Thompson v. Leeke*, 756 F.2d 314, 316 (4th Cir. 1985) (citation modified). In making that determination we consider: "(1) the importance of the statement to the government's case; (2) the impact on credibility of other evidence; and (3) the admission of prejudicial evidence based solely on the admission of the statement." *Giddins*, 858 F.3d at 885-86. The government bears the burden of showing "that the admission of the [defendant's statements] did not contribute to [his] conviction." *Elsheikh*, 103 F.4th at 1014 (4th Cir. 2024).

Tejan argues that the statements made to law enforcement before he was read his *Miranda* rights should have been suppressed. However, even if the district court should have suppressed those statements, their admission was harmless. The information Tejan shared was merely cumulative of other evidence admitted at trial. Tejan also argues that his post-*Miranda* statements should have been suppressed because he never waived his rights. We conclude Tejan waived his *Miranda* rights and the district court did not err in denying his motion to suppress.

As to Tejan's hearsay argument, we review a district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal

5

is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted).

Hearsay is an out of court statement, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is generally inadmissible. Fed. R. Evid. 802. But under the forfeiture-by-wrongdoing exception, hearsay statements are admissible where the declarant is unavailable to testify because the party against whom the statements are offered wrongfully caused the declarant's unavailability and did so intending that result. Fed. R. Evid. 804(b)(6). Under Rule 804(b)(6), otherwise inadmissible hearsay may be admitted upon a showing that: "(1) the defendant engaged or acquiesced in wrongdoing (2) that was intended to render the declarant unavailable as a witness and (3) that did, in fact, render the declarant unavailable as a witness." *United States v. Gray*, 405 F.3d 227, 241 (4th Cir. 2005). The government bears the burden of establishing, by a preponderance of the evidence, that the exception applies. *United States v. Elsheikh*, 103 F.4th 1006, 1024 (4th Cir. 2024). Here, the district court did not clearly err in finding, by a preponderance of the evidence, that Tejan acquiesced in wrong doing intending to render the deceased unavailable as a witness. Therefore, the court properly admitted the statements pursuant to Rule 804(b)(6).

As to Tejan's arguments regarding the court's response and instructions to the jury, we "review a district court's decision to give a particular jury instruction for abuse of discretion, and review whether a jury instruction incorrectly stated the law de novo." *Sanders*, 107 F.4th at 259 (citation modified). "In so doing, we do not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of

6

the entire charge, the instructions accurately and fairly state the controlling law." *Id.* (citation modified). And "[e]ven if a jury was erroneously instructed," we "will not set aside a resulting verdict unless the erroneous instruction seriously prejudiced the challenging party's case." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (citation modified). Moreover, we "review the form and content of a district court's response to a jury question for abuse of discretion." *United States v. Burgess*, 684 F.3d 445, 453 (4th Cir. 2012). "In answering a jury's question, a district court is charged with the responsibility of responding to the apparent source of confusion accurately, without creating prejudice." *Id.*

Tejan argues that the district court erred in responding to the jury's question regarding whether aiding and abetting applied to first-degree murder, and instructing the jury on a the buyer-seller relationship for the drug conspiracy count. As the district court provided correct statements of the law as to each, we conclude that the district court did not abuse its discretion in responding to or instructing the jury.

Finally, Tejan challenges the court's denial of his motion for a new trial. "When the district court denies a request for a new trial, this [c]ourt employs "a deferential abuse-of-discretion standard, reversing the [district] court's judgment only in exceptional circumstances." *Hicks v. Ferreyra*, 64 F.4th 156, 171 (4th Cir. 2023) (citation modified). A district court abuses its discretion "when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (citation modified).

7

"A district court may grant a new trial only if the verdict:  (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice."  *Id.* (citation modified).  "In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government" and "it may evaluate the credibility of the witnesses."  *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).  But the court "should grant new trials based on the weight of the evidence only in 'rare' instances" where "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment."  *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023) (citation modified).  Since "determining witness credibility and weighing conflicting evidence are the responsibility of the factfinder, the 'standard for jettisoning a jury verdict in favor of a new trial is demanding.'"  *Id.*  (citation modified).

First, Tejan argues that the district court should have granted a new trial because the judge who presided over his trial resigned after his trial ended and a new judge took over for sentencing and other post-conviction duties.  The Federal Rules of Criminal Procedure state that "[a]fter a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability."  Fed. R. Crim. P. 25(b)(1).  When a new judge steps in after the verdict, she "may grant a new trial if [she is] satisfied that:  (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or (B) a new trial is necessary for some other reason." Fed. R. Crim. P. 25 (b)(2).

8

Tejan also argues that the court should have granted a new trial because the verdict was against the weight of the evidence. Our review of the record establishes that the verdict is not against the weight of the evidence. We therefore conclude that the district court did not abuse its discretion in denying Tejan's motion for a new trial.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*