**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 98-4530**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY EDWARD COLEMAN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge. (CR-97-39)

───────────────

Submitted:  April 29, 1999            Decided:  May 5, 1999

───────────────

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

E. Gay Leonard, Abingdon, Virginia, for Appellant.  Robert P. Crouch, Jr., United States Attorney, Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tony Edward Coleman appeals from his conviction for conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1994). Coleman's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in her view there are no meritorious issues for appeal. Despite notice from the court, Coleman has not filed a supplemental pro se brief. The issues raised by Coleman's counsel are without merit. After a review of the record, we affirm the judgment.

Coleman assigns error to the district court's order denying his motion for a new trial on the grounds that one of the Government's key witnesses, Barry English, had a prior perjury conviction unknown by the two parties until after Coleman's conviction and before sentencing. We review a district court's denial of a motion for a new trial for an abuse of discretion. See United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985). We affirm the conviction and district court's order denying the motion for a new trial on the reasoning of the district court. See United States v. Coleman, CR-97-39 (W.D. Va. Jul. 2, 1998).

This court requires that counsel inform her client, in writing, of the client's right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to

2

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3