**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4028**

—————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

MATTHEW LUKE WESTON,

              Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
Chief District Judge.  (5:14-cr-00073-D-1)

—————————

Submitted:  November 19, 2015       Decided:  November 23, 2015

—————————

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

EJ Hurst II, Durham, North Carolina, for Appellant. Thomas G.
Walker, United States Attorney, Jennifer P. May-Parker,
Kristine L. Fritz, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Luke Weston appeals from his convictions after a jury trial for possession of a firearm by a convicted felon and possession of a stolen firearm, both counts involving a 9 mm Beretta pistol. He also challenges his 175-month sentence. Weston contests the district court's admission of testimony that he possessed a .22 caliber pistol that was not the subject of the charged counts and the court's denial of his motions for a mistrial, and asserts that the court impermissibly sentenced him based on facts found by a preponderance of evidence. After a thorough review of the record and the parties' arguments, we affirm.

We first review, for abuse of discretion, Weston's challenges to the district court's admission of evidence. United States v. Hassan, 742 F.3d 104, 130 (4th Cir.), cert. denied, 135 S. Ct. 157 (2014). Weston contends that the testimony regarding Weston's possession of a .22 caliber pistol stolen from the same area at the same time as the charged 9 mm Beretta was not intrinsic evidence or admissible under Federal Rules of Evidence 404(b) or 403. Rule 404(b)(1) prohibits introduction of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence "concern[ing] acts intrinsic to the

2

alleged crime," however, does not fall within Rule 404(b)'s ambit. United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks and brackets omitted). "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, which is to say that both acts are part of a single criminal episode." Id. (internal quotation marks and citation omitted). Moreover, evidence subject to exclusion under Rule 404(b)(1) "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

To be admissible under Rule 404(b), the proffered "bad acts" evidence must be relevant to an issue other than character, necessary to prove an element of the crime charged, reliable, and its probative value must not be substantially outweighed by its prejudicial nature. United States v. Fuertes, ___ F.3d ___, ___, No. 13-4755, 2015 WL 4910113, at *4 (4th Cir. Aug. 18, 2015). Generally, we will not find that a district court abused its discretion in admitting evidence over an objection unless that decision was "arbitrary and irrational." United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014). Under these standards, we conclude that there was no abuse of

discretion in the district court's decision to admit the challenged testimony.

Next, Weston contends that the district court erred in denying his motion for a mistrial because a juror allegedly viewed him in restraints, without first allowing him to question the marshals transporting him. We review for abuse of discretion the district court's denial of a motion for a mistrial or the denial of a motion for a new trial. United States v. Robinson, 627 F.3d 941, 948 (4th Cir. 2010) (discussing motion for new trial); United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (discussing motion for mistrial). The district court's denial "will be disturbed only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997).

The juror who the defendant thought had seen him in restraints credibly and unequivocally testified that he had not seen the defendant during the morning in question. The court found the juror to be credible and that with the fact in question resolved, there was no need for further investigation. This factual finding, based on the court's assessment of the witness's credibility, is not clearly erroneous. See United States v. DiTommaso, 405 F.2d 385, 393 (4th Cir. 1968) (providing standard). We therefore determine that the court did not abuse its discretion.

4

Next, Weston argues that the district court erred in denying his motion for a new trial under Fed. R. Crim. P. 33. At trial, Weston contended that there was no direct evidence of his possession of the 9 mm Beretta and the testimonial evidence was contradictory, inconsistent, and incredible. In denying the motion, the court made several specific credibility findings in favor of the Government's witnesses and stated that the defendant perjured himself.

The denial of a motion for a new trial is reviewed for an abuse of discretion. United States v. Bartko, 728 F.3d 327, 334 (4th Cir. 2013). Federal Rule of Criminal Procedure 33 authorizes a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When the Rule 33 motion "attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence" in that "it may evaluate the credibility of the witnesses." United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). "When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial." Id. (citing cases). We have reviewed the record with the requisite standards and conclude that, in light of the heavy weight of the evidence and credibility findings made by the court, including that Weston

5

perjured himself at trial, the court did not abuse its discretion in denying the motion.

Finally, Weston argues that the court erred in considering acquitted or uncharged conduct in calculating the Sentencing Guidelines range and in making sentencing findings by a preponderance of the evidence and not beyond a reasonable doubt. A district court's legal conclusions at sentencing are reviewed de novo and factual findings for clear error. United States v. Gomez-Jimenez, 750 F.3d 370, 380 (4th Cir.), cert. denied, 135 S. Ct. 305, 384 (2014). Weston recognized at sentencing and admits on appeal that Alleyne v. United States, 133 S. Ct. 2151 (2013), forecloses his argument. The Supreme Court made clear in Alleyne that its holding "does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." 133 S. Ct. at 2163; see United States v. Smith, 751 F.3d 107, 117 (3d Cir.) ("Alleyne did not curtail a sentencing court's ability to find facts relevant in selecting a sentence within the prescribed statutory range."), cert. denied, 135 S. Ct. 383, 497 (2014). The district court therefore did not err in considering the conduct and applying a preponderance of the evidence standard.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED